[Crim. No. 26142. Apr. 21, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
FRANK A. CRUZ, Defendant and Appellant.

**COUNSEL**

Thomas T. Ono, under appointment by the Supreme Court, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Robert R. Anderson and Donald E. De Nicola, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROUSSARD, J.**—Penal Code section 1192.5 provides that a defendant who pleads guilty pursuant to a plea bargain which is subsequently disapproved by the trial court shall be permitted to withdraw the plea if he or she so desires. The issue before us is whether this provision applies when the trial court withdraws its approval because the defendant fails to appear for sentencing. We conclude that the statute applies even to the fleeing defendant, against whom separate sanctions are available under Penal Code sections 1320 and 1320.5.

### FACTS

In May 1985, defendant pled guilty to felony possession of heroin (Health & Saf. Code, § 11350, subd.(a)) pursuant to a plea bargain. Sentencing was set for June, and defendant was released on bail. He failed to appear for sentencing, and a bench warrant issued. He was apprehended the following January and finally sentenced in February 1986.

Under the plea bargain, defendant was to receive a maximum five years' probation and up to the "county lid" of one year in county jail, or the "low base" sentence of sixteen months in state prison without probation, at defendant's option. In addition, a second count against him, being under the influence of an opiate (Health & Saf. Code, § 11550, former subd. (a)), a misdemeanor, was to be dismissed. At defendant's sentencing hearing in February 1986, the trial court announced its intention not to abide by the plea bargain. Defendant moved to withdraw his guilty plea. The court denied the motion and sentenced defendant to two years in state prison with credit for presentence custody, dismissing the misdemeanor count on a motion by the prosecution. The Court of Appeal affirmed.

### DISCUSSION

Plea bargaining is an accepted practice in our criminal justice system. (*People* v. *West* (1970) 3 Cal.3d 595, 604 [91 Cal.Rptr. 385, 477 P.2d 409]; *People* v. *Mancheno* (1982) 32 Cal.3d 855, 859-860 [187 Cal.Rptr. 441, 654

P.2d 211].) The Legislature has endorsed it in Penal Code section 1192.5,[1] which provides for the entry of a plea of guilty or nolo contendere specifying both the punishment to be imposed and the exercise of other powers legally available to the sentencing court. Upon the acceptance of such a plea by the prosecution and its approval by the court, the statute provides that the court may not impose "a punishment more severe than that specified in the plea . . . [nor] proceed as to such plea other than as specified in the plea." Before the plea is entered, the court also must inform the defendant "that (1) its approval is not binding, (2) it may . . . withdraw its approval in the light of further consideration of the matter, and (3) *in such case the defendant shall be permitted to withdraw his plea if he desires to do so. . . .* [¶] If such plea is not accepted by the prosecuting attorney and approved by the court, the plea shall be deemed withdrawn, and the defendant may then enter such plea or pleas as would otherwise have been available." (Italics added.)

Various Court of Appeal opinions have held that a defendant who fails to appear for sentencing under a plea bargain does not lose the protections of section 1192.5, and must be allowed to withdraw his or her guilty plea should the court refuse to adhere to the original sentencing terms. (*People* v. *Morris* (1979) 97 Cal.App.3d 358 [158 Cal.Rptr. 722]; *People* v. *Barrero* (1985) 163 Cal.App.3d 1080 [210 Cal.Rptr. 70]; *In re Falco* (1986) 176 Cal.App.3d 1161 [222 Cal.Rptr. 648]; *In re Lunceford* (1987) 191 Cal.App.3d 180 [236 Cal.Rptr. 274]; *People* v. *Rodriguez* (1987) 191 Cal.App.3d 1566 [237 Cal.Rptr. 137]; see also *People v. Johnson* (1974) 10 Cal.3d 868 [112 Cal.Rptr. 556, 519 P.2d 604].) The Court of Appeal in the instant case, however, relied on its own decision in *People* v. *Santos* (1985) 171 Cal.App.3d 67, 70 [216 Cal.Rptr. 911] and held that by his failure to appear for sentencing defendant "breached the bargain . . . [and] is not entitled to either specific enforcement of that bargain or withdrawal of his guilty plea."[2]

In *Johnson, supra,* 10 Cal.3d 868, this court considered the application of section 1192.5 to the case of a defendant who had been sentenced to state prison contrary to the terms of his plea bargain after the trial court discov-

---

[1] All further statutory references are to the Penal Code.

[2] Specific enforcement in this case would entail an order directing the trial court to resentence defendant in accordance with his original plea. (See *People* v. *Kaanehe* (1977) 19 Cal.3d 1, 13 [136 Cal.Rptr. 409, 559 P.2d 1028].) Defendant is not entitled to such a remedy, which is appropriate only "when it will implement the reasonable expectations of the parties without binding the trial judge to a disposition he or she considers unsuitable under all the circumstances." (*People* v. *Mancheno, supra,* 32 Cal.3d at p. 861; *People* v. *Rodriguez, supra,* 191 Cal.App.3d at p. 1571.) Rather, the issue is whether defendant should have been provided an opportunity to withdraw his guilty plea in light of the trial court's decision not to abide by the plea bargain. (*Mancheno, supra,* 32 Cal.3d at pp. 860-861.)

ered that he had concealed from it his true name and past criminal record. Citing the statute's provision that, where not approved by the court, "the plea shall be deemed withdrawn and the defendant [permitted to] enter [any otherwise available plea,]" we observed that "[a]lthough this provision by its terms appears to apply to the initial rejection of a defendant's offer for a plea bargain, rather than to the court's withdrawal of its prior approval of such a bargain, nevertheless this language confirms our view that the Legislature intended that in either situation defendant be given the opportunity to change his plea." (10 Cal.3d at p. 872.) Furthermore, we found that the defendant's "unclean hands" were "irrelevant in determining whether, once the court has . . . repudiated the bargain, [defendant] should be permitted to withdraw his plea. Section 1192.5 makes no exception for defendants who have committed fraud in negotiating a plea bargain; that section applies with equal force to all defendants who attempt to bargain away their constitutional rights in the hope of receiving leniency." (*Id.* at pp. 872-873.)

In *Morris, supra,* 97 Cal.App.3d 358, the Court of Appeal extended this reasoning to the case of a plea bargaining defendant who failed to appear for sentencing. The defendant in *Morris* pled guilty to two counts of aggravated assault in exchange for the dismissal of three additional counts and a use allegation and a commitment by the trial court not to sentence him to state prison. After approving the plea bargain, the trial court announced that if the defendant should fail to appear for sentencing it would impose a state prison sentence after all. The defendant consented to this arrangement, and then failed to appear. When finally brought before the court two months later, he was sentenced to state prison, as he had been warned he would, and was not permitted to withdraw his guilty plea. The Court of Appeal reversed, holding that the summary sentence to state prison, though purportedly the result of a separate condition imposed as an "incentive" to defendant not to violate the terms of his release on his own recognizance, was in effect a disapproval of the plea bargain. It noted that when the trial court approved the plea bargain, it failed to instruct the defendant according to the terms of section 1192.5. (See *ante,* p. 1250.) Under such circumstances, the court found even the defendant's "acceptance" of the trial court's terms did not make them a part of the bargain under the statute. (97 Cal.App.3d at p. 364, fn. 7.)

In *Barrero, supra,* 163 Cal.App.3d 1080, the defendant pled guilty to joyriding in exchange for a promise he would receive the low term of 16 months in state prison. The trial court accepted the plea, then told him that he had both to go to the probation department and to appear for sentencing, that if he failed to do either the court might impose up to three years and that there would be no backing out of the plea bargain. He failed to appear, and received the upper term of three years, and, as warned, was not permit-

ted to withdraw his guilty plea. The Court of Appeal reversed, citing *Morris, supra,* 97 Cal.App.3d 358. The People attempted to distinguish the two cases, arguing that the possibility of a higher sentence had been *included* in Barrero's plea bargain whereas Morris's sentence had been separately conditioned *outside* the bargain. The court rejected this distinction and found that, inasmuch as Barrero, like Morris, had not received the required section 1192.5 instructions, he could not be deemed to have bargained away his right to withdraw his guilty plea. (163 Cal.App.3d at p. 1085.)

*In re Falco, supra,* 176 Cal.App.3d 1161, involved four habeas corpus petitioners who pled guilty to drug possession in exchange for probation with 90 days in county jail or a work alternative program (SWAP) at their option. After failing to appear for sentencing, they received 90 days without the SWAP option, and some received additional jail time. Petitioners in that case did receive section 1192.5 instructions at the time of their bargains, but the trial court relied on *Santos, supra,* 171 Cal.App.3d 67, to deny them the opportunity to withdraw their guilty pleas. The Court of Appeal reversed per *Morris, supra,* 97 Cal.App.3d 385, and *Barrero, supra,* 163 Cal.App.3d 1080, calling the implementation of a revised plea bargain a "[summary sentence] . . . without benefit of minimum procedural and statutory safeguards[,]" and "a palpable abuse of discretion." (176 Cal.App.3d at p. 1166.)

Like *Santos, supra,* 171 Cal.App.3d 67, on which it relies, the opinion below acknowledges neither *Johnson, supra,* 10 Cal.3d 868, nor the *Morris* line of cases, *supra.* Rather, it employs *Santos's* reasoning that since the law requires a trial court to pronounce judgment and impose sentence orally in the defendant's presence (*People* v. *Prater* (1977) 71 Cal.App.3d 695, 702 [139 Cal.Rptr. 566]), a plea bargain "contemplate[s the] defendant's appearance at the probation and sentencing hearing. . . . By absconding after the guilty plea and failing to show up at that hearing . . . , defendant himself prevented implementation of the plea bargain." (*Santos, supra,* 171 Cal.App.3d at p. 70.) Also, like *Santos,* it ignores completely the existence of section 1192.5, and provides no authority for what is in effect an implied exception to the statute in the case of fleeing defendants.[3]

---

[3] The People argue in their brief that no such exception is implicated, claiming that the sentence imposed in this case was not in excess of the plea bargain inasmuch as (1) after defendant signaled his rejection of the probation option by failing to appear the court was entitled to sentence him to state prison, and (2) the two-year term pronounced, "both as a theoretical and as a practical matter under the day-for-day credit provisions of [section] 2930 et seq., would routinely operate to imprison [defendant] for a term of approximately twelve months, substantially shorter than the sixteen-month sentence sanctioned by the plea bargain." Without addressing the validity of the first of these claims, we note that the second one, on which the success of the People's argument equally depends, is based on a false comparison. By any consistent method of calculation (i.e., allowing for anticipated credit in both cases or ignoring

The People do not discuss the *Morris* line of cases in their brief, but urge in effect that we disapprove them by following *Santos* (*supra,* 171 Cal.App.3d 67), instead. They contend that *Johnson* (*supra,* 10 Cal.3d 888) is distinguishable inasmuch as the defendant's actions there, while improper, were at least directed at *securing* a plea bargain, in contrast to an absconding defendant's avoidance or "waiver" of the terms of the bargain by flight. Failing such a distinction, they suggest we reconsider the effect of our holding in *Johnson* insofar as it seems to extend the protection of section 1192.5 beyond those plea-bargaining defendants who expose themselves in good faith to the terms of the bargain to include defendants who plea-bargain in bad faith or "breach the bargain" through illegal acts.

The first of these arguments attempts a distinction between types of misconduct which is meaningless at best and at worst confusing. The second argument errs, along with *Santos* (*supra,* 171 Cal.App.3d 67) and the opinion below, in characterizing as a "breach" of the plea bargain what is really a separate offense of failure to appear. (See §§ 1320 and 1320.5.)[4]

The imposition of an additional or enhanced sentence for a separately chargeable offense without the benefit of a trial on that charge, and in the absence of a knowing and intelligent waiver, is clearly offensive to the principles of due process. As stated in *In re Lunceford, supra,* 191 Cal.App.3d at page 184, "[n]onbargaining defendants who flee before trial are not summarily pronounced guilty and subjected to the maximum sentences upon their apprehension. Both classes of fleeing defendants[, those who plea-bargain and those who do not,] are equally subject to punishment under sections 1320 and 1320.5; both are entitled to trial upon request." (Fn. omitted; see also *Morris, supra,* 97 Cal.App.3d at p. 364. ["[A] defendant who . . . fails to appear without justification is subject to punishment upon conviction of the separate offense of a wilful failure to appear [citation] in an action brought at the discretion of the prosecutor, not by peremptory judicial fiat. [Citations.]"])

---

it in both), the time defendant could expect to serve under the 16-month sentence bargained for was less than under the 2-year sentence imposed.

[4] Section 1320 provides that willful failure to appear by a person released on his or her own recognizance shall be punishable as a misdemeanor if the release was on a misdemeanor charge or, if on a felony charge, as a felony, including a fine not exceeding $5,000 and/or imprisonment for up to one year. Section 1320.5 concerns willful failure to appear by persons released on bail, which it defines as a felony punishable by a fine of not over $10,000 and/or imprisonment for up to one year.

## CONCLUSION

The *Morris* line of cases is manifestly correct. ■ ■■ ■■ ■ For this reason we choose to follow it, and disapprove *Santos, supra,* 171 Cal.App.3d 67, as an aberration.[5]

The decision of the Court of Appeal is reversed. The Court of Appeal shall remand the cause to the trial court with instructions that defendant be permitted to withdraw his guilty plea if he chooses and the second count against him be reinstated. (*In re Sutherland* (1972) 6 Cal.3d 666, 671-672 [100 Cal.Rptr. 129, 493 P.2d 857].)

Lucas, C. J., Mosk, J., Panelli, J., Arguelles, J., Eagleson, J., and Kaufman, J., concurred.

---

[5] We do not mean to imply by this holding that a defendant fully advised of his or her rights under section 1192.5 may not expressly waive those rights, such that if the defendant willfully fails to appear for sentencing the trial court may withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for term. Any such waiver, of course, would have to be obtained at the time of the trial court's initial acceptance of the plea, and it must be knowing and intelligent.