[No. F020660. Fifth Dist. Mar. 6, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
IRA PHILLIP MURRAY, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976 and 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

Linda M. Leavitt, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Edmund D. McMurray and Roger E. Venturi, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**VARTABEDIAN, J.**—Appellant Ira Phillip Murray contends the trial court failed to sentence him in accordance with a plea bargain, and that he should be permitted to withdraw from the plea bargain or be sentenced in accordance with it. In the alternative, he contends the charges should be dismissed altogether because he was denied a speedy trial and was subjected impermissibly to multiple prosecutions. We disagree with both contentions, publishing our discussion of the first.

### FACTS AND PROCEDURAL HISTORY

In the months of October through December 1991, appellant committed a series of crimes against mobilehome owners throughout Tulare County. The crimes followed two general patterns. In the first pattern, appellant agreed to make repairs to a home and obtained advance payment to cover materials; he then absconded without performing any work or after partially performing the work. In the second pattern, appellant agreed to perform home maintenance, then entered the home and stole money and other property.

Appellant was charged with residential burglary in a complaint filed in the Porterville Division of Tulare County Municipal Court on December 31,

1991 (case No. 59067). This complaint resulted in a guilty plea to misdemeanor second degree burglary, with an order for probation and six months' local custody. (See Pen. Code, §§ 17, subd. (b), 459, 461, subd. 2.)[1]

A complaint filed in the Tulare-Pixley Division of Tulare County Municipal Court also on December 31, 1991 (case No. 39821) charged appellant with three counts of residential burglary. The alleged crimes involved three separate victims over the course of three months from October through December 1991. Appellant pleaded guilty to reduced second degree burglary and was placed on probation with one year local custody.

Finally, in the present case, a complaint filed in the Visalia Division of the Tulare County Municipal Court on January 24, 1992, charged appellant with various other crimes. Count 1 alleged grand theft (§ 487, former subd. 1, now amended and renumbered as subd. (a)) from Grace Mann in October 1991. Count 2 alleged misdemeanor theft (§ 488) from Joyce Matthews in October 1991. Counts 3 through 5 alleged burglary (§ 459) of the residences of Lavonne Arnold, Melvina Rollins and Angela Mason, respectively, all in December 1991.

By the end of August 1992, appellant apparently had completed his local custody in the Porterville and Tulare-Pixley cases and was released from jail. He was arrested for the present offenses on February 1, 1993.

On March 1, 1993, appellant, in custody at the time, appeared in court represented by a deputy public defender. Off the record, there was a preliminary discussion of a plea bargain in the case. The court then stated the terms of the plea agreement on the record:

"It was represented, Mr. Murray, if you pled guilty to [counts 3 and 4], that the maximum sentence in state prison would be four years. . . .

"If everything turns out to be . . . as I know about [it] at this time, then I would go along with that maximum time of four years. However, if something changed after reading the report [of the probation officer] or some other information came to light that I was not aware of at this time, then I would allow you to withdraw your plea, we'd back up and start all over again."[2]

The court obtained a waiver of constitutional rights and asked appellant, "Do you have any questions of either me or your attorney before I formally

---

[1]All further statutory references are to this code.

[2]In pertinent part, section 1192.5 provides:

"Where [a plea bargain] is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, except as otherwise provided in this section, cannot be

take the plea?" Appellant asked to talk to his attorney. When the proceedings resumed, the following exchange occurred:

"THE COURT: Upon getting a probation report, I would consider [appellant's] request for a two-week hiatus before he turned himself in. The only thing I would indicate is that if in fact I granted that, that you would be subject to having the time extended from four years to six years, plus you are on probation on another case which is going to virtually wipe itself out. However, I would, should you fail to return, have that constitute a violation of probation and impose a state prison sentence on that case as well.

"[APPELLANT]: I understand that.

"THE COURT: That isn't even a promise you'll be released. That's something we discussed. I told your attorney, based upon the merits of what you had in mind,[3] I would strongly consider it. Do you understand that?

"[APPELLANT]: Yes."

Appellant then entered his guilty plea to counts 3 and 4. At the sentencing hearing on March 15, 1993, the following occurred:

"THE COURT: [¶] . . . [¶] . . . At the time of entering the plea I indicated to Mr. Murray that . . . if he wished to enter a plea, I would allow him the opportunity to get some things in order before any sentence was imposed. What I would do is honor that, with the understanding, Mr. Murray, I'm not going to impose sentence at this time. In other words, it will remain open. I'm going to give you a return date to court here. . . .

"[PROSECUTOR]: What I understand the court is saying, this man, who's been convicted of residential burglary, the court is going to release?

"THE COURT: That's correct. I'm going to release him, give him a return date. That was the understanding at the time of taking the plea.

"[PROSECUTOR]: I understand that. I assume the court is held by its bargain.

---

sentenced on such plea to a punishment more severe than that specified in the plea and the court may not proceed as to such plea other than as specified in the plea.

"If the court approves of the plea [bargain], it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in such case, the defendant shall be permitted to withdraw his plea if he desires to do so. . . ."

[3] The record does not reveal what appellant had in mind.

"THE COURT: It's seven year four months maximum penalty if in fact you fail to return. As I indicated to you at the time of taking the plea, that I would not be bound by the plea arrangement we had at the time. . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . .

"[PROSECUTOR]: Was the DA a part of that agreement at the time of the plea?

"THE COURT: No, only the four years. . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . .

"[PROSECUTOR]: I don't think we should let a residential burglar, with prior burglaries, out, safety of the community issue."

"THE COURT: [¶] . . . [¶] With that comment by both the People and the court, I'm going to release you for an opportunity to get some things in order. Order you [to] come back to this court on Monday, the 29th of March at eight thirty.

"You understand all the parameters, is that correct, if you fail to return?

"[APPELLANT]: Yes, sir."

On March 29, 1993, appellant appeared in court.

The matter was continued to April 12, 1993, and then on that date to May 3, 1993, to determine whether appellant was a narcotics addict. On May 3, 1993, appellant appeared with a private attorney, Lawrence M. Lee, who substituted in as counsel. Lee sought and obtained a continuance to May 18, 1993, to file a motion to withdraw appellant's guilty plea in the present case. On May 17, 1993, Lee filed a motion to withdraw the plea and dismiss the charges on the basis that appellant had been denied the right to a speedy trial and had been subjected to impermissible multiple prosecutions (hereafter the speedy trial/*Kellett* motions). (*Kellett* v. *Superior Court* (1966) 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206].)

On May 18, 1993, the matter was continued to May 27, 1993. On that date, the court again continued the matter, this time until June 10, 1993. Appellant appeared with counsel on each of these dates.

After the court denied, on June 10, 1993, the motion to withdraw appellant's plea, it stated:

"We did discuss this in chambers. I said I would be willing to put sentencing over to Monday morning. Is that what you wish to do, Mr. Murray?

"[APPELLANT]: Yes.

"[THE COURT]: The matter will be continued to Monday morning, June the 14th, at eight thirty for imposition of sentence. You're ordered to be here at that time."

On June 14, 1993, appellant failed to appear.

A bench warrant issued. Appellant eventually was arrested in August. On September 17, 1993, the court sentenced appellant to the upper term of six years on count 3 and to a consecutive term of sixteen months on count 4. At no time during the sentencing hearing or otherwise did appellant move to withdraw his guilty plea pursuant to section 1192.5.

## DISCUSSION

### I.

■ Appellant argues the plea bargain should be specifically enforced with a four-year sentence, or else he should be permitted to withdraw his guilty plea. Respondent contends the sentence actually imposed was part of the original plea bargain and that appellant is not entitled to relief.

In *People* v. *Cruz* (1988) 44 Cal.3d 1247 [246 Cal.Rptr. 1, 752 P.2d 439], the plea bargain provided for the lower term of imprisonment or probation with local custody, at defendant's option. Defendant Cruz was not admonished at the guilty plea hearing in accordance with section 1192.5. Defendant failed to appear for sentencing. When defendant eventually was brought before the court for sentencing, the court rejected defendant's attempt to withdraw his guilty plea and sentenced him to the middle term of imprisonment. (*Cruz, supra*, at p. 1249.)

The Supreme Court rejected the idea that failing to appear breached an implied term of the plea bargain that relieved the court of the restrictions of section 1192.5. (*People* v. *Cruz, supra*, 44 Cal.3d at p. 1253.) Such failure to appear is, rather, a separate offense that may be punished in a separate proceeding. (*Ibid.*)

However, the court also said that an *express* term of a plea bargain providing for enhanced sentence for failure to appear is permissible: "We do

not mean to imply . . . that a defendant fully advised of his or her rights under section 1192.5 may not expressly waive those rights, such that if the defendant willfully fails to appear for sentencing the trial court may withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for term. Any such waiver, of course, would have to be obtained at the time of the trial court's initial acceptance of the plea, and it must be knowing and intelligent." (*People* v. *Cruz*, *supra*, 44 Cal.3d at p. 1254, fn. 5.)

This procedure was employed in *People* v. *Vargas* (1990) 223 Cal.App.3d 1107 [273 Cal.Rptr. 48]. In that case the plea bargain expressly contemplated two-tier sentencing, lower-term concurrent sentences if defendant appeared for sentencing and upper-term consecutive sentences if he did not. (*Id.* at p. 1109 and fn. 1.) After defendant absconded and was recaptured, the court imposed the higher sentence. The Court of Appeal affirmed, holding that the trial court did not repudiate or deviate from the plea bargain, but simply complied with the terms of the bargain. (*Id.* at pp. 1113-1114.)

In the present case, it is clear that the plea bargain itself did not contemplate a sentence higher than the four-year middle term. The court did indicate at the time of the guilty plea, separate and apart from the plea bargain, that it would consider releasing appellant from custody on the sentencing date and continue the time for sentencing; the court advised appellant he would be "subject to" a six-year upper term. At the next hearing, the court decided to release appellant pending sentencing and stated that defendant faced a maximum consecutive sentence of seven years, four months, if he failed to return to court as promised. The court noted appellant's release was not part of the plea agreement to which the prosecutor was a party.

Thus, there was no two-tiered plea agreement as was the case in *Vargas*. The record supports no other conclusion, and the trial court expressly stated that the plea bargain only provided for a four-year sentence. Accordingly, we reject respondent's contention that sentence was imposed in the present case pursuant to the plea bargain.

Nevertheless, as appellant recognizes, there is a difference between the present case and *Cruz*. In the present case, unlike *Cruz*, appellant was advised at the time of the plea bargain that he could withdraw his plea if the court chose not to sentence in accordance with the bargain, as provided in section 1192.5. Appellant asserts this distinction is not dispositive, however, "because appellant was *not* offered the opportunity to withdraw his plea when the trial court repudiated the plea agreement between the People and

the defendant and instead imposed its summary sentence for violating the release order."

Contrary to appellant's contention, there is no requirement that the trial court "offer the opportunity to withdraw" the plea at the sentencing hearing. Rather, appellant was required to move for withdrawal of his plea at the sentencing hearing, and he waived his right to object to the deviation from the plea bargain by not doing so. When a court imposes a sentence that is a substantial deviation from the plea bargain, as here, "we cannot assume defendant knew he had a right to withdraw his plea [absent a section 1192.5 admonition]. But when the admonition is given, and the defendant does not ask to withdraw the plea or otherwise object to the sentence, he has waived the right to complain of the sentence later." (*People* v. *Walker* (1991) 54 Cal.3d 1013, 1026 [1 Cal.Rptr.2d 902, 819 P.2d 861].)

Accordingly, we conclude appellant waived his right to complain about deviations from the plea bargain when he failed to move to withdraw his plea at the sentencing hearing.[4]

II.*

· · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

DISPOSITION

The judgment is affirmed.

Martin, Acting P. J., and Buckley, J., concurred.

A petition for a rehearing was denied March 23, 1995, and appellant's petition for review by the Supreme Court was denied June 1, 1995.

---

[4]We note that prior to his failure to appear appellant *did* move to withdraw his guilty plea in the trial court *but only if it would result in dismissal of the charges*—i.e., on the speedy trial/*Kellett* grounds. It appears appellant may have made a tactical decision in the trial court that he did not want the other three counts reinstated by withdrawal from the plea bargain pursuant to section 1192.5.

*See footnote, *ante*, page 1539.