Filed 9/4/13  P. v. McKnight CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>  v.<br><br>OTTO RAY VICTOR MCKNIGHT,<br><br>      Defendant and Appellant. | C073230<br><br>(Super. Ct. Nos. CRF12465,<br>CRF12563) |

On August 12, 2012, defendant Otto Ray Victor McKnight was caught driving a stolen Jeep.  The Jeep owner knew defendant but had not given him permission to drive it.  On September 28, 2012, while released on bail, defendant hit his live-in girlfriend, resulting in a cut above her eye and scratches on her face.  On May 12, 2006, defendant had been convicted of first degree burglary.

1

Defendant pled no contest to cohabitant abuse and admitted a strike in one case (case No. CRF12563). Defendant pled no contest to unlawfully taking or driving a vehicle in the other case (case No. CRF12465). The parties agreed that the strike prior would be stricken at sentencing provided defendant complied with the terms of a waiver pursuant to *People v. Cruz* (1988) 44 Cal.3d 1247 while he was released on his own recognizance pending sentencing.

Defendant failed to meet with the probation officer at a scheduled interview, a violation of a condition of the *Cruz* waiver.

After denying defendant's motion to strike the strike prior, the court found defendant was in violation of the *Cruz* waiver, denied probation, and sentenced him to state prison for an aggregate term of eight years eight months, that is, the upper term of four years, doubled for the strike prior, for the cohabitant abuse offense, plus one-third the midterm or eight months for the vehicle offense.

Defendant appeals. He did not seek a certificate of probable cause. (Pen. Code, § 1237.5.)

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                        _____ROBIE\_\_\_\_\_, J.


We concur:


_____HULL_____, Acting P. J.


_____MAURO\_\_\_\_\_, J.