Filed 11/7/24  P. v. Ruizmoreno CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C099053 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 22F01793, 20F4108, 21F3309, 22F1793, CRF2004108, CRF2103309) |
| v. | |
| ISRAEL IGNACIO RUIZMORENO, | |
| Defendant and Appellant. | |

This appeal arises from four separate cases in which defendant Israel Ignacio Ruizmoreno pled no contest to multiple offenses in two separate plea agreements.  The second plea agreement is the operative plea agreement on appeal.  Defendant claims the trial court erred by imposing a sentence that exceeded the terms of the operative plea agreement.  As such, he argues the case should be remanded to the trial court so that he may withdraw the plea or obtain specific performance of the plea agreement.  We agree and remand.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Because of the nature of the issues on appeal, the substantive facts underlying the convictions are not relevant and therefore not recounted here.

In two of the cases, defendant was charged with unlawful taking of a vehicle and grand theft of personal property (theft case), and resisting a peace officer by force, three counts of misdemeanor obstructing an officer, and misdemeanor battery on an officer (resisting by force case). In the third case, defendant was charged with misdemeanor obstructing a peace officer (obstructing an officer case). Defendant pled no contest to unlawful taking of a vehicle, resisting a peace officer by force, and misdemeanor obstructing a peace officer. The trial court dismissed the remaining charges.

The plea form in the first three cases included the following term, to which defendant initialed indicating he understood and agreed: "[T]he plea agreement in item 2 (on pages 1 and 2) is based on the facts before the court. I understand that if the court approves this plea agreement the approval of the court is not binding, and that the court may withdraw its approval of the plea agreement upon further consideration of the matter. I understand that if the court withdraws its approval of this plea agreement I will be allowed to withdraw my plea. (Pen. Code, § 1192.5.)"

During the sentencing hearing for the theft, resisting by force, and obstructing an officer cases, the trial court explained to defendant that he would receive two years of informal probation by entering the plea agreement and clarified, "[I]f you were to violate probation, what could happen is you could receive up to three years and eight months in jail as a result of this plea. That's the worst-case scenario." Defendant confirmed he understood the trial court's admonition.

The trial court found defendant knowingly and intelligently waived his rights and accepted his plea. It placed defendant on two years of informal probation and dismissed the remaining charges.

Later, in the fourth case, defendant was charged with assault by means likely to produce great bodily injury, which was later amended to add a misdemeanor battery charge (battery case). The prosecution also filed a petition to revoke probation in the theft and resisting by force cases.[1] Defendant initially pled not guilty to all charges.

A month later, the prosecution and defense counsel reached a plea agreement resolving the fourth case and the probation violations. The parties agreed defendant would plead no contest to the misdemeanor battery charge and admit the probation violations in the theft and resisting by force cases. In exchange, defendant would receive a terminal sentence with credit for time served, informal probation would be converted to formal probation "without any additional consequences," and the trial court would dismiss the other allegations. This plea then became the operative plea agreement.

The trial court advised defendant on certain rights he would give up if he entered the operative plea agreement, but it did not advise defendant of his Penal Code,[2] section 1192.5 rights. Defendant did not sign or initial a plea form in the battery case indicating he understood and agreed to waive his rights under section 1192.5. The record on appeal does not contain a plea form related to the operative plea. The trial court found defendant's plea was voluntary, knowing, and intelligent and accepted his plea.

The trial court set a sentencing hearing for the next month and released defendant. However, defendant failed to report to probation and subsequently failed to appear at three sentencing hearings over the course of the next five months. The trial court issued a bench warrant and defendant was subsequently arrested.

At the sentencing hearing, the trial court said, "I gave an indicated [sentence of two years eight months]—not today but previously," based on defendant's failures to

---

[1]     The record does not indicate any further action was taken regarding defendant's obstructing an officer case.

[2]     Undesignated statutory references are to the Penal Code.

3

appear at probation and sentencing. Defense counsel was not present when the trial court originally made this statement, but the court spoke to defense counsel in chambers prior the sentencing hearing. The trial court revoked probation and sentenced defendant to the midterm of two years in the resisting by force case, eight months in the theft case, and one year of informal probation in the battery case.

At no time during the sentencing hearing or otherwise did defendant move to withdraw the operative plea pursuant to section 1192.5.

Defendant appeals.

## DISCUSSION

Defendant claims he is entitled to either withdrawal of the plea or specific performance of the plea because the sentence imposed by the trial court exceeded the terms of the operative plea agreement in breach of the parties' agreement and he was not advised of his section 1192.5 rights at the sentencing hearing in the battery case. The People argue defendant forfeited his claim because he failed to object when the trial court imposed sentence in the battery case. The People further argue that the trial court did not breach the operative plea agreement because there was no bargained for sentence and the trial court provided defendant with an indicated sentence. We conclude that defendant was not properly advised of his section 1192.5 rights as part of the operative plea and the sentence imposed by the trial court violated the plea agreement.

### I

### *Forfeiture*

Generally, a claim of sentencing error is forfeited if it was not raised at the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 353, 356-357.) Pursuant to section 1192.5, subdivision (c), when a trial court accepts a plea it *must* inform the defendant that its approval is not binding, and if the trial court later withdraws its approval, the defendant can withdraw from the plea agreement. If the trial court provides a section 1192.5 advisement and the defendant does not object at sentencing then the claim is forfeited.

4

(*People v. Murray* (1995) 32 Cal.App.4th 1539, 1546.)  However, when a court imposes a sentence that exceeds the terms of the plea agreement a defendant is not required to make an objection if the trial court did not admonish the defendant of his or her rights under section 1192.5, subdivision (c).  (*In re Jermaine B*. (1999) 69 Cal.App.4th 634, 640.)

The People argue that the section 1192.5 advisement that the trial court made in the first plea agreement as to the theft, resisting by force, and obstructing an officer cases was sufficient to advise defendant of his rights in the operative plea agreement as to the battery case, citing *People v. Murray*, *supra*, 32 Cal.App.4th 1539.  Not so.  In *Murray*, the trial court advised the defendant of his section 1192.5 rights related to the operative plea agreement, the defendant failed to appear at sentencing, and then failed to move to withdraw his plea.  (*Murray*, at pp. 1541, 1544.)  Here, defendant was only advised of his section 1192.5 rights prior to entering his first plea agreement in the vehicle theft, resisting by force, and obstructing an officer cases but not in the battery case, which is the operative plea agreement.  The trial court was required to separately advise defendant of his section 1192.5 rights in each plea agreement.

Section 1192.5 applies whenever a defendant enters a plea of guilty or no contest. (§ 1192.5, subd. (a).)  As such, the trial court was required to provide defendant with a new section 1192.5 advisement in the battery case.  The section 1192.5 advisement related to the first plea agreement in the theft, resisting by force, and obstructing an officer cases was not sufficient to properly advise defendant of his right to withdraw the operative plea in the battery case.  Because defendant was not advised that he could withdraw his plea if the trial court withdrew its approval of the operative plea agreement in the battery case, he was not required to move to withdraw his plea at the sentencing hearing.  Therefore, defendant's claim is not forfeited.

5

## II

### *Breach Of The Plea Agreement*

Plea agreements are interpreted in accordance with the rules of contract. (*People v. Toscano* (2004) 124 Cal.App.4th 340, 344.)  "[T]he 'interpretation of a contract is subject to de novo review.' " (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2003) 107 Cal.App.4th 516, 520.)  "[B]oth parties . . . must abide by the terms of the agreement." (*People v. Walker* (1991) 54 Cal.3d 1013, 1024, overruled on other grounds by *People v. Villalobos* (2012) 54 Cal.4th 177, 183.)  "[M]aterial terms of the agreement cannot be modified without the parties' consent." (*People v. Martin* (2010) 51 Cal.4th 75, 80.)

Under section 1192.5, subdivision (b), the punishment imposed by the trial court "may not significantly exceed that which the parties agreed upon." (*People v. Silva* (2016) 247 Cal.App.4th 578, 587-588.)  Any failure by the trial court to honor a plea agreement "violates the defendant's due process rights for which the defendant is entitled to some remedy." (*People v. Lopez* (1998) 66 Cal.App.4th 615, 636, citing *People v. Walker*, *supra*, 54 Cal.3d at p. 1024.)

If the trial court withdraws its initial approval of a plea agreement it must inform the defendant of the right to withdraw the plea and give him or her an opportunity to do so. (*People v. Silva*, *supra*, 247 Cal.App.4th at p. 587.)  "Put another way, the trial court may not 'unilaterally modify[] the terms of the bargain without affording . . . an opportunity to the aggrieved party to rescind the plea agreement and resume proceedings where they left off.' " (*Ibid.*, quoting *People v. Kim* (2011) 193 Cal.App.4th 1355, 1361.)  "The required explanation and [the] defendant's right to have his [or her] plea withdrawn apply both at the time of entering the plea and at sentencing." (*People v. Jackson* (1980) 103 Cal.App.3d 635, 638.)

The trial court failed to advise defendant of his rights under section 1192.5 with respect to the operative plea agreement at the taking of the plea and before sentencing.

The parties had agreed to a terminal sentence with credit for time served and formal probation. Instead, the trial court sentenced defendant to two years eight months in the theft and resisting by force cases and one year of informal probation in the battery case without affording defendant an opportunity to withdraw from the plea agreement. This was improper.

The People argue there was no bargained for sentence but rather that the trial court informed defendant of an indicated sentence. We disagree. " ' "When giving an 'indicated sentence,' the trial court simply informs a defendant 'what sentence [it] will impose if a given set of facts is confirmed, irrespective of whether guilt is adjudicated at trial or admitted by plea.' [Citations.] An accused retains the right to reject the proposed sentence and go to trial." ' " (*People v. Labora* (2010) 190 Cal.App.4th 907, 915.)

That is not what happened here. Defendant decided not to go to trial and entered into the operative plea agreement for a specified sentence. He then failed to appear at probation and several sentencing hearings. As a result of those failures, the trial court was apparently no longer inclined to impose the agreed upon sentence and attempted to advise defendant of what the People characterized as an indicated sentence. When the trial court was no longer willing to honor the terms of the plea agreement, with no prior discussion about a specific sanction for nonappearance as to the operative plea agreement, the trial court was required to inform defendant he had the right to withdraw from the plea. (*People v. Casillas* (1997) 60 Cal.App.4th 445, 451.)

The sentence imposed was more severe than what was specified in the plea. (*People v. Brown* (2007) 147 Cal.App.4th 1213, 1224 [restitution of $34,438.87 was more severe than the agreed upon $280 in the plea agreement]; *People v. Silva*, *supra*, 247 Cal.App.4th at p. 591 [imposed sentence that included an additional 30-day sentence improperly exceeded the agreed upon sentence].) It was improper for the trial court to sentence defendant in any other manner than as specified in the operative plea. (§ 1192.5, subd. (b).) It should have either imposed the agreed upon sentence or given

defendant the opportunity to withdraw his plea.  (*Silva*, at p. 591.)  This was error and defendant is entitled to the opportunity to withdraw his plea.  (*People v. Calloway* (1981) 29 Cal.3d 666, 671 ["ordering specific performance would prevent the trial court from exercising its sentencing discretion, forcing the court to impose a sentence it expressly rejected as inappropriate"]; *People v. Kim*, *supra*, 193 Cal.App.4th at p. 1362.)

DISPOSITION

The judgment is reversed and the cause is remanded to the trial court for further proceedings.


/s/
ROBIE, Acting P. J.


We concur:


/s/
MESIWALA, J.


/s/
WISEMAN, J.*

---

*       Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.