Filed 6/26/14  P. v. Wroblewski CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C073434 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 13F00466, 12F07846) |
| v. | |
| JEFFREY TODD WROBLEWSKI, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**PROCEDURAL AND FACTUAL BACKGROUND**

Defendant Jeffrey Todd Wroblewski was found in possession of over two ounces of methamphetamine and several ounces of marijuana.

In case No. 12F07846, defendant pled no contest to possession of methamphetamine for sale and possession of marijuana for sale.  (Health & Saf. Code,

1

§§ 11378, 11359.)  Pursuant to the plea agreement, the trial court indicated a suspended state prison sentence of three years eight months, with five years formal probation. Defendant was released on his own recognizance subject to a *Cruz*[1] waiver.  Defendant failed to appear for sentencing and the trial court issued a bench warrant for his arrest.

Defendant went to a Target store and stole various items with a total value of $247.82.  He had three prior theft convictions.

Defendant pled no contest to petty theft with a prior (Pen. Code, § 666) in case No. 13F00466.

Sentencing defendant in both cases, the trial court sentenced him to an aggregate term of four years four months in county jail, imposed various fines and fees and awarded 138 days presentence credit (69 actual and 69 conduct).  The trial court subsequently amended the judgment to reduce the booking and classification fees (Gov. Code, § 29550.2).

Defendant appeals.  His request for a certificate of probable cause was denied.

### *WENDE* REVIEW

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief setting forth the facts of the case and, pursuant to *Wende*, requesting the court to review the record and determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[1]  *People v. Cruz* (1988) 44 Cal.3d 1247.

However, our review discloses a minor error in the abstract, which incorrectly reflects full consecutive terms rather than the one-third the middle term sentences imposed by the trial court for possession of marijuana for sale and petty theft with a prior. We order a correction to the abstract.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed. The trial court is directed to amend the abstract of judgment to show consecutive one-third the middle term sentences for possession of marijuana for sale and petty theft with a prior and to forward a certified copy of the amended abstract to the appropriate authorities.

      MURRAY      , J.

We concur:

      BLEASE      , Acting P. J.

      HULL      , J.

3