[Crim. No. 11295. Fourth Dist., Div. One. Mar. 21, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIE JACKSON, Defendant and Appellant.

**COUNSEL**

Appellate Defenders, Inc., under appointment by the Court of Appeal, and Kenyon C. Keller for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Richard D. Garske and Jay M. Bloom, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

WIENER, J.—Defendant appeals his conviction of second degree burglary (Pen. Code, § 459. All references are to the Penal Code unless otherwise cited.) He asserts there were errors in reference to the taking of his plea and with sentencing. We reject both his arguments and affirm the judgment.

## Factual and Procedural Background

Defendant was charged under the name of Willie Jackson with two counts of entering a locked vehicle with intent to commit theft in violation of section 459. On December 29, 1978, he changed his plea to guilty on count one. The offense was fixed as burglary in the second degree and count two was dismissed. The "Change of Plea (Guilty)" form stated his plea bargain was: "People will move to dismiss count 2. People will not oppose reduction to a misdemeanor at time of sentencing if no prior record. Six months maximum." When the plea was taken, the court proceeded through the required litany and with extreme care specifically explained to the defendant the proposed sentence was conditioned on his having no prior record. The defendant said he understood this. Defendant appeared for sentencing on March 9, 1979. The probation report revealed he had a prior record consisting of two 1974 convictions of petty theft, possession of narcotics in 1975 with a commitment to California Rehabilitation Center (CRC), followed by an exclusion from CRC and a sentence to prison to be concurrent with a prison sentence for second degree burglary in 1977. Also shown was a 1975 federal charge of possession of stolen mail and forgery of a government check for which he received six months in custody. At the time of sentencing, defendant stated his true name to be William J. Watson.[1] At the time of sentencing, because of defendant's record, the court ruled the plea would stand, but the six-month sentence would not. Pro-

---

[1] In fairness to the defendant, we note on his change of plea form he initialled where necessary "WJW," but signed the form Willie Jackson.

bation was denied. Defendant was sentenced for the upper term of three years.

### Defendant Was Sentenced According to the Plea Bargain

Defendant's argument that *People* v. *Johnson* (1974) 10 Cal.3d 868 [112 Cal.Rptr. 556, 519 P.2d 604], and section 1192.5[2] require reversal is a red herring. The *Johnson* court explained that in a plea bargain, a defendant must be told of his right to withdraw the plea if the court intends to change the bargain. The required explanation and defendant's right to have his plea withdrawn apply both at the time of entering the plea and at sentencing. (*People* v. *Johnson, supra*, 10 Cal.3d at p. 872.) Thus, *Johnson* requires that a defendant be permitted to withdraw his plea where the court makes a unilateral modification in the sentence agreed upon at the time of the plea. Here, the court didn't change the bargain. The express agreement required a misdemeanor sentence only upon the condition of defendant having a clean record. If that condition were not met, neither the bargain nor the statute gave defendant the right to withdraw his plea. To the contrary, upon failure of the condition, the court was free to exercise its discretion. Defendant and his counsel both understood and recognized that defendant's bargain could not be equated with an unconditional bargain wherein defendant agreed to a six-month sentence in exchange for his plea of guilty. Defense counsel acknowledged this understanding at the hearing when he conceded that because of his client's prior record, he could not now claim the six-month sentence.

We reject defendant's efforts to bruise the judicial process by attempting to slide through on the assumption the use of a fictitious name would escape detection thereby permitting him a more lenient sentence. For us to hold otherwise would give further incentive to defendants to manipulate our strained judicial resources.

---

[2]Section 1192.5 provides in part: "If the court approves of the plea, it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in such case, the defendant shall be permitted to withdraw his plea if he desires to do so. The court shall also cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for such plea. If such plea is not accepted by the prosecuting attorney and approved by the court, the plea shall be deemed withdrawn and the defendant may then enter such plea or pleas as would otherwise have been available."

## ■ *The Court Did Not Abuse Its Discretion in Sentencing Defendant to the Upper Term*

The diligence with which the trial judge explained defendant's rights at the time of his plea is also reflected in the record at sentencing. After allowing each counsel to argue, the court reviewed the circumstances in aggravation and concluded they were sufficient to justify the imposition of the upper term. The crime was carried out in a professional and sophisticated way (Cal. Rules of Court, rule 421(a)(8)); defendant had numerous prior convictions as an adult (rule 421(b)(2)); he had served prior prison terms not charged under section 667.5 (rule 421(b)(3)); he was on parole when he committed the present crime (rule 421(b)(4)); and his prior parole performance had not been satisfactory (rule 421(b)(5)). Defendant argues the failure to consider his addiction as a mitigating circumstance requires reversal. He relies on *People v. Simpson* (1979) 90 Cal.App.3d 919 [154 Cal.Rptr. 249], where the court held the sentencing court was required to consider the fact the defendant was suffering from alcoholism as a mitigating fact. Accepting *Simpson*'s rationale only for the purpose of the following discussion, it is inapposite. There, the court erred in three respects: (1) It improperly considered the fact defendant received concurrent sentences as a circumstance in aggravation, (2) the court failed to consider alcoholism as a mitigating factor, and (3) the court, in fact, viewed alcoholism as a factor in aggravation. Here, the addiction, or lack thereof, played no role at sentencing. Defendant's counsel did not refer to it nor did he request CRC commitment. Unless the record affirmatively reflects otherwise, the relevant criteria enumerated in the sentencing rules (Cal. Rules of Court, rule 401 et seq.) is deemed to have been considered by the sentencing judge (rule 409). The court did not abuse its discretion.

*Disposition*

Judgment affirmed.

Cologne, Acting P. J., and Staniforth, J., concurred.