Filed 5/19/16

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE, | C078233 |
| Plaintiff and Respondent, | (Super. Ct. No. MCYKCRBF140270) |
| v. | |
| ALLEN RAY SILVA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Siskiyou County, Laura J. Masunaga, Judge. Reversed with directions.

Barbara Coffman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Michael A. Canzoneri, Supervising Deputy Attorney General, George M. Hendrickson, Deputy Attorney General, for Plaintiff and Respondent.

1

Defendant Allen Ray Silva pleaded no contest to a number of felony offenses and one misdemeanor petty theft charged in connection with two separate events. The parties agreed to a maximum sentence of six years eight months. The trial court sentenced defendant to the negotiated term of six years eight months on the felonies, but added a consecutive sentence of 30 days on the misdemeanor petty theft, which the trial court subtracted from defendant's presentence custody credits. Defendant contends the trial court did not properly advise him he could withdraw his plea if the court was inclined to impose a higher sentence than the agreed maximum and contends the error requires specific performance of the plea.

We conclude that neither the trial court nor the Judicial Council plea form used in this case properly advised defendant of his right to withdraw his plea as required by Penal Code section 1192.5.[1] However, specific performance is not the appropriate remedy in this case. We reverse and remand the matter for further proceedings described more fully *post*.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

In February 2014, a utility company sent an employee to defendant's home to shut off the power. When the employee explained to defendant why he was at the property, defendant responded by ordering the employee off the property. Defendant grabbed a large stick, held it over his head, and advanced toward the employee. He then put the stick down, spit at the employee, and continued to yell at him, " 'get the fuck out of here,' " " 'you're not gonna cut my power,' " and " 'get the fuck off my property.' " The employee thought he was going to be struck so he left and called law enforcement. Law enforcement arrested defendant.

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

[2] The facts underlying the charged offenses are from the probation report.

Defendant failed to appear for his arraignment in July 2014, and a bench warrant was issued.

In July 2014, Walmart personnel stopped defendant and Stephanie Mendoza, suspecting them of theft. They asked defendant and Mendoza to step into the store security office and Mendoza complied, but defendant became hostile. Thereafter, law enforcement was contacted. During the incident, defendant pulled an eight-inch knife from his pocket. He brandished the knife at the Walmart personnel and said that he " 'was not going any fucking where.' " Defendant then invited the Walmart personnel to step outside and stated, " 'I will take both of you out.' " The Walmart personnel felt threatened and were afraid of defendant, so they told him to leave, which he did. An arrest warrant was issued and defendant was arrested on July 27, 2014.

A consolidated information charged defendant with making criminal threats against the Walmart personnel (§ 422, subd. (a) (counts 1 & 2)), commercial burglary (§ 459 (count 3)), receiving stolen property (§ 496, subd. (a) (count 4)), petty theft with a prior as a felony (§ 666, subd. (b) (count 5)), carrying a dirk or dagger (§ 21310 (count 6)), failure to appear while on bail (§ 1320.5 (count 7)), assault with a deadly weapon against the utility company employee (§ 245, subd. (a)(1) (count 8)), and exhibiting a deadly weapon (§ 417, subd. (a)(1) (count 9)). As to the assault, the information further alleged it was a serious felony (§ 1192.7, subd. (c)(23)). The information also alleged as to counts 1 through 8 that defendant had a strike conviction (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)), as to counts 1 through 5 and 8, that defendant had a prior serious felony conviction (§ 667, subd. (a)(1)), and as to counts 1 through 7, that defendant committed the offenses while released on bail (§ 12022.1).

As part of a plea agreement, defendant pleaded no contest to: count 1 -- criminal threats[3]; count 8 -- assault with a deadly weapon; count 7 -- felony failure to appear; and count 5 -- petty theft with a prior, which was reduced to a misdemeanor as part of the plea agreement. He also admitted the strike allegation as to counts 1, 7, and 8, and also the allegation that he committed the assault on the utility company employee while released on bail (§ 12022.1). The trial court dismissed the remaining counts and allegations with a *Harvey* waiver for sentencing.[4] The parties agreed to a "lid on immediate state prison of six years and eight months at 80 percent."[5]

Just before the trial court took defendant's plea, the prosecution offered the court an example of how the negotiated lid could be calculated, which did not include any sentence on the misdemeanor, but did include a dismissal of the strike allegation as to

---

[3] As part of the plea agreement, count 1 was amended to name both victims from the incident at Walmart within that single count.

[4] *People v. Harvey* (1979) 25 Cal.3d 754.

[5] In addition to the oral representation of counsel made to the court just prior to defendant's plea concerning the terms of the agreement, the terms of the negotiated resolution are set forth on the written plea form signed by defendant, defense counsel, and the prosecutor. The chart in paragraph 1 of the plea form shows the counts to which defendant was going to plead, the "Total Maximum Time" for each count, including "1 y" for the misdemeanor petty theft and the "Aggregate Maximum Time of Imprisonment" for all of the counts of "12 y 8 mo + 1 yr C/J." Next to paragraph 2, which is entitled "Plea Agreement," the words "2 options available" are handwritten with arrows pointing to paragraphs 2.a. and 2.b. The state prison box is checked in paragraph 2.a. and paragraph 2.a.(1) reads: "6 years and 8 months lid if not granted probation." Paragraph 2.b. reads: "Probation for 3-5 years under conditions to be set by the court, including: [¶] up to 365 days in the county jail." Further, defendant acknowledged on the form that if he was granted probation and he violated any condition of probation, he could be sentenced to state prison for up to the aggregate maximum time set forth in the chart in paragraph 1. Under paragraph 2.i., titled "Other Terms," the form reads: "Lid of 6 y 8 mos if court, as initial sentence, imposes state prison. If probation is granted the lid will not apply. Parties agree Romero motion for prior strike must be granted as to some counts to achieve a 6 y 8 mo term."

4

count 7, failure to appear, and striking the punishment on the section 12022.1 enhancement.  The prosecutor told the court it had discretion to achieve the sentencing lid by calculating the sentence in other ways and added, "It's not going to be a challenging lid in the sense of impossible."

In taking defendant's plea, the trial court did not orally advise defendant under section 1192.5 of his right to withdraw his plea if the court withdrew its approval of the plea.[6]  Defendant executed a plea form published by the Judicial Council.[7]  Paragraph 6.e. of the form is titled "Discovery of New Facts" and reads:  "I understand that the plea agreement in item 2 (on pages 1 and 2) is based on the facts before the court, and *if the court discovers new facts*, such as an additional prior felony conviction not listed on this form, the court may refuse to accept the plea agreement.  If the court discovers new facts and refuses to accept this plea agreement, I understand that I will be allowed to withdraw my plea."  (Italics added.)  Defendant initialed the box next to paragraph 6.e., acknowledging that he understood.

---

[6]  Section 1192.5 provides in pertinent part:  "Where the plea is accepted by the prosecuting attorney in open court and is approved by the court, the defendant, except as otherwise provided in this section, cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea.  [¶]  If the court approves of the plea, it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in that case, the defendant shall be permitted to withdraw his or her plea if he or she desires to do so.  The court shall also cause an inquiry to be made of the defendant to satisfy itself that the plea is freely and voluntarily made, and that there is a factual basis for the plea.  [¶]  If the plea is not accepted by the prosecuting attorney and approved by the court, the plea shall be deemed withdrawn and the defendant may then enter the plea or pleas as would otherwise have been available."

[7]  The plea form is CR-101, revised January 1, 2013, and is approved by the Judicial Council for optional use.

Subsequently, defendant filed a *Romero*[8] motion, requesting that the court dismiss defendant's strike allegation. The prosecution filed an opposition to defendant's motion wherein it suggested a sentencing calculation on the felonies and enhancements to achieve the six-year eight-month lid without dismissing the strike, but again did not mention the misdemeanor. The *Romero* motion was denied.

Prior to sentencing, defendant filed a motion to withdraw his plea for good cause, on the ground that shortly before entering the plea, he had begun taking two drugs for mental health issues and those drugs affected his thinking, such that he did not understand the potential state prison consequences of the plea. The trial court denied the motion.

While the motion to withdraw the plea was pending, the prosecution filed a brief regarding sentencing on count 5, misdemeanor petty theft with a prior. For the first time, the prosecution contended the trial court was required to sentence defendant on that count consecutively under section 667, subdivision (c)(6) and (7),[9] and *People v. Newsome* (1997) 57 Cal.App.4th 902. In *Newsome*, this court said consecutive sentences are required for any felony or misdemeanor conviction not committed on the same occasion and not arising from the same set of operative facts as the current felony convictions

---

[8] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

[9] Section 667 provides in pertinent part: "(c) Notwithstanding any other law, if a defendant has been convicted of a felony and it has been pled and proved that the defendant has one or more prior serious and/or violent felony convictions as defined in subdivision (d), the court shall adhere to each of the following: [¶] . . . [¶] (6) If there is a current conviction for more than one felony count *not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count* pursuant to subdivision (e). [¶] (7) If there is a current conviction for more than one serious or violent felony as described in paragraph (6), the court shall impose the sentence for each conviction consecutive to the sentence for any other conviction for which the defendant may be consecutively sentenced in the manner prescribed by law." (Italics added.)

when the current felonies include more than one serious/violent felony offense. (*Newsome*, at pp. 910-911.) Since defendant admitted two serious felonies here, the prosecution belatedly contended that the trial court was required to sentence him consecutively on the misdemeanor unless it found the misdemeanor was committed on the same occasion or arising from the same facts as count 1, criminal threats involving the Walmart personnel.

At the sentencing hearing, the prosecution argued that because there was a lid on the felony, and no discussion about how much credit defendant would get against that sentence, and the misdemeanor had to be sentenced consecutively, the trial court had to allocate some of defendant's presentence credits to the misdemeanor. Defendant responded that count 1, criminal threats, and count 5, misdemeanor petty theft with a prior at Walmart, were committed on the same occasion and arose from the same operative facts and therefore section 667, subdivision (c)(6) and (7), did not require consecutive sentences. Defense counsel then stated, "If the Court is inclined to somehow find that this was on a different occasion, I think we run into the problem that -- the agreement was that [defendant] received an aggregate sentence of 6 years, 8 months as a lid. And so to oppose [*sic*] anything that significantly goes beyond that would violate that term and we would be back into the situation with a motion to withdraw plea. So with that I'll submit." The trial court indicated that whether the misdemeanor petty theft from Walmart was part of the same operative facts from the criminal threats on the store personnel was "a close issue" and that, "It's sort of in between there, between ones that very clearly are not and ones that are." Ultimately, the trial court found that count 1 and count 5 were not committed on the same occasion and did not arise from the same operative facts.[10] Based on that finding, the court said it would impose a consecutive

---

[10] Defendant does not challenge the trial court's finding in this appeal.

sentence of 30 days on the misdemeanor. After the prosecutor confirmed the sentence was within the trial court's discretion in light of the requirement for consecutive sentencing, the trial court asked defense counsel if he had "[a]nything else." Counsel said he did not.

Following the recommendation of the prosecution contained in the prosecutor's *Romero* opposition, the trial court sentenced defendant to a total of six years eight months on the felonies, calculated as follows: on count 8, assault with a deadly weapon, four years (the low term of two years, doubled); on count 1, criminal threats, 16 months (one-third the midterm, eight months doubled); on count 7, failure to appear, 16 months, (one-third the midterm, eight months doubled).[11] Accepting the prosecutor's argument that the trial court had to impose a consecutive sentence on the misdemeanor and deduct that sentence from defendant's presentence credits, the trial court sentenced defendant to a consecutive 30 days on count 5 and awarded defendant 332 days of presentence custody credits, 30 of which were credited towards the misdemeanor petty theft jail sentence.

## DISCUSSION

Defendant contends the trial court erred by failing to give the admonishment required by section 1192.5 and failing to provide him the opportunity to withdraw his plea when it imposed a sentence 30 days more than the agreed upon sentencing lid.[12] He further contends the remedy for this error is specific performance of the plea. Alternatively, he contends if we do not remand for specific performance of the plea, he

---

[11] The trial court struck the punishment on the section 12022.1 allegation as recommended by the prosecution.

[12] Defendant does not challenge the fact that the trial court denied dismissal of the strike conviction, even though the dismissal was listed as a term of the plea agreement on the plea form signed by defendant, defense counsel and the prosecutor. (See fn. 5, *ante*.) Consequently, we do not address the propriety of making the dismissal of a strike part of a plea bargain or the failure to adhere to that term in the plea agreement.

8

must be allowed to withdraw his plea. The People contend the Judicial Council plea form advised defendant of his rights under section 1192.5 and defense counsel did as well. Consequently, defendant's failure to object to the sentence and move to withdraw his plea forfeited his claim on appeal. Alternatively, the People argue the 30-day sentence on count 5 did not violate the plea agreement because the agreement purportedly did not include the misdemeanor sentence. We conclude that defendant was not properly advised of his section 1192.5 rights and the sentence imposed by the trial court violated the plea agreement.

"When a guilty plea is entered in exchange for specified benefits such as the dismissal of other counts or an agreed maximum punishment, both parties, including the state, must abide by the terms of the agreement. The punishment may not significantly exceed that which the parties agreed upon." (*People v. Walker* (1991) 54 Cal.3d 1013, 1024 (*Walker*), overruled on other grounds in *People v. Villalobos* (2012) 54 Cal.4th 177, 183 (*Villalobos*).) This is a rule of constitutional dimension, implicating due process concerns. (*Villalobos*, at p. 182; *Walker*, at p. 1024.) Due process requires that both defendant and the prosecution, abide by the terms of the plea agreement and that the punishment imposed not significantly exceed that which the parties agreed upon.[13] (*Villalobos*, at p. 182.)

---

[13] The People appropriately do not contend that the additional 30-day sentence effectuated by reducing defendant's presentence credit is not a significant variance from the agreed upon sentence. To warrant relief, the deviation from the negotiated plea must be " 'significant' in the context of the plea bargain as a whole." (*Walker*, *supra*, 54 Cal.3d at p. 1024.) And the punishment must not be "more severe" than whatever the defendant agreed to. (§ 1192.5; *Walker*, at p. 1024; *People v. Kim* (2011) 193 Cal.App.4th 1355, 1359 (*Kim*); *People v. Brown* (2007) 147 Cal.App.4th 1213, 1221.) In *Walker*, the court gave an example of an insignificant variance. It suggested that adding a standard condition of probation not part of the express negotiations would not be a significant variance. (*Walker*, at p. 1024.) In contrast, a loss of liberty of an additional 30 days by deducting time already served can hardly be considered insignificant to the person who

However, there is an out for the trial court.  The court may withdraw its initial approval of the plea at the time of sentencing and decline to impose the agreed upon sentence, "so long as the parties can be restored to their original positions."  (*Kim, supra*, 193 Cal.App.4th at p. 1360; § 1192.5.)  If the court withdraws its initial approval, it must inform the defendant that he or she has the right to withdraw the plea and allow the defendant to do so; it cannot merely alter the terms of the agreement by imposing punishment significantly greater than that originally bargained for.  (§ 1192.5; *Walker, supra*, 54 Cal.3d at p. 1026.)  Put another way, the trial court may not "unilaterally modify[] the terms of the bargain without affording . . . an opportunity to the aggrieved party to rescind the plea agreement and resume proceedings where they left off."  (*Kim*, at p. 1361.)  This rule is not new.  It has long been the rule that if the trial court disapproves of the negotiated disposition and seeks to modify it, the court must expressly tell the defendant he or she can withdraw the plea if the defendant is unwilling to accept the modified terms.  (*People v. Johnson* (1974) 10 Cal.3d 868, 872 & fn. 3 (*Johnson*).)  "The required explanation and defendant's right to have his plea withdrawn apply both at the time of entering the plea and at sentencing."  (*People v. Jackson* (1980) 103 Cal.App.3d 635, 638 (*Jackson*).)

These holdings are based on section 1192.5 (see fn. 6, *ante*), which provides that when a plea bargain entered into by the parties is approved by the court, the defendant "cannot be sentenced on the plea to a punishment *more severe* than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea." (Italics added.)  Section 1192.5 further provides that the court "*shall* inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment,

---

must serve that time.  The variance here does not fall into the same category as a standard condition of probation.

10

withdraw its approval *in the light of further consideration of the matter*, and (3) in that case, the defendant shall be permitted to withdraw his or her plea if he or she desires to do so." (§ 1192.5, italics added.) Implicit in this statutory language "is the premise that the court, upon sentencing, has broad discretion to withdraw its prior approval of a negotiated plea." (*Johnson, supra*, 10 Cal.3d at p. 873.) " 'Such withdrawal is permitted, for example, in those instances where the court becomes more fully informed about the case [citation], *or where, after further consideration, the court concludes that the bargain is not in the best interests of society.*' " (*People v. Simmons* (2015) 233 Cal.App.4th 1458, 1467, italics added [trial court's post-plea decision to reject package plea bargain involving multiple defendants and proceed to trial affirmed].)

Here, at the time of the plea, the trial court did not orally advise defendant that its approval of the plea agreement was not binding and if, after further consideration, it could not accept the plea, defendant had the right to withdraw it. The People contend that paragraph 6.e. of the Judicial Council plea form executed by the parties provided the requisite advisements. We disagree. In the paragraph titled, "Discovery of New Facts," the plea form advised defendant that if the court discovered new facts, it could refuse to accept the plea, and in that single situation defendant could withdraw his plea. The plea form gives the discovery of a previously unknown prior conviction as an example of a new fact. The discovery of new facts is one circumstance under which a trial court could reject a negotiated agreement, but section 1192.5 is not limited to that one circumstance. Thus, the plea form does not adequately convey the admonishments in section 1192.5. The form does not inform defendants that the court's approval of the negotiated disposition is not binding and that the court could withdraw its approval simply upon "further consideration" as stated in section 1192.5. (See fn. 6, *ante*.) Here the court did not refuse to accept the plea based on the discovery of new facts. Rather, the prosecution miscalculated how the sentence could be calculated to arrive at the sentencing lid it negotiated with defendant.

11

The People contend that it is inconceivable defendant would have believed he could not withdraw his plea based on a distinction between new facts and a new point of law and in any event, because of defense counsel's comments, the record shows defendant knew he could withdraw his plea. Thus, according to the People, defendant forfeited any claim under section 1192.5 by failing to move to withdraw his plea after the trial court indicated it would impose the additional 30 days. In support of this contention, the People rely on *Walker, supra*, 54 Cal.3d 1013 and *Villalobos, supra*, 54 Cal.4th 177.

In *Walker*, our high court held, "Whether or not a defendant waives an objection to punishment exceeding the terms of the bargain by failure to raise the point *in some fashion* at sentencing depends upon *whether the trial court followed the requirements of section 1192.5.*" (*Walker, supra*, 54 Cal.3d at p. 1024, italics added; accord, *Villalobos, supra*, 54 Cal.4th at p. 182; *People v. Cruz* (2013) 219 Cal.App.4th 61, 65, fn. 3.) The *Walker* court went on to say, "Absent compliance with the section 1192.5 procedure, the defendant's constitutional right to the benefit of his bargain is not waived by a mere failure to object at sentencing. 'Of course, there can be no waiver of a constitutional right absent "an intentional relinquishment or abandonment of a known right or privilege." [Citation.] No less should a court presume from mere silence that defendant is waiving implementation of the consideration that induced him to waive his constitutional rights.' " (*Id.* at p. 1025.) Thus, as this court has previously noted, when the trial court fails to give a section 1192.5 admonition, the defendant's failure to object at sentencing does not waive his claim on appeal. (*Cruz*, at p. 65, fn. 3, citing *Walker*, at pp. 1024-1026, 1030.)

Apparently recognizing that defense counsel did "raise the point *in some fashion*," (*Walker, supra*, 54 Cal.3d at p. 1024, italics added), the People advance the novel argument that *Walker* "did not hold that an objection to punishment without a request to withdraw the plea was sufficient to preserve the issue." From this, the language of section 1192.5 and the notion defendant knew of his right to withdraw the plea, the

12

People maintain that a request to withdraw the plea was required to preserve the claim. The People's argument is based on two false premises about *Walker*. First, the *Walker* court said whether a defendant has waived the plea bargain violation depends on "whether the trial court followed the requirements of section 1192.5" (*Walker*, at p. 1024), not whether defense counsel's statements somehow show defendant personally knew he could withdraw his plea. Second, contrary to the People's argument, the *Walker* court expressly stated a motion to withdraw the plea is not required where there has been no compliance with section 1192.5. Specifically, the court said, "We have held that absent a section 1192.5 admonition, a defendant's 'failure affirmatively to request a change of plea should not be deemed a waiver of his right to do so. Since he was never advised of his rights under section 1192.5, he should not be held to have waived them.' " (*Walker*, at p. 1025, citing *Johnson, supra*, 10 Cal.3d at p. 872.) The People appear to advance the idea that when defense counsel, not defendant, demonstrated an understanding that the plea may be withdrawn, both an objection and a motion to withdraw is required. But such a rule would be inconsistent with the *Walker* court's observation that the waiver of the constitutional right to the benefit of the original bargain must reflect " ' "an intentional relinquishment or abandonment" ' " of that right by the defendant. (*Walker*, at p. 1024.) In other words, when there has been no prior 1192.5 admonition, a defendant must personally waive his or her section 1192.5 right to withdraw the plea.

The People also contend that because defense counsel acknowledged on the plea form that he had " 'explained each of the items in the form, including the defendant's constitutional and statutory rights, to the defendant,' " that acknowledgment necessarily shows that defense counsel informed defendant of the right to withdraw the plea under section 1192.5 if the bargain is rejected by the court. But section 1192.5 requires that the court, not counsel, give the admonishment and that did not happen here. We will not assume defendant knew he had a right to withdraw his plea in the absence of a section

13

1192.5 admonition by the trial court.[14] (*Walker, supra*, 54 Cal.3d at p. 1026.) The court must expressly inform defendant of his right to withdraw his or her plea. (*Ibid.*; *Johnson, supra*,10 Cal.3d at p. 872; *Kim, supra*, 193 Cal.App.4th at p. 1361; *Jackson, supra*, 103 Cal.App.3d at p. 638.)

The People also contend that any motion to withdraw the plea that could be read into defense counsel's comments to the trial court was impliedly rejected by the court on the ground that the sentence did not violate the plea. According to the People, the reason the plea was not violated is because the sentencing lid to which the parties referred in their bargain related only to the felonies and furthermore, the sentence on the misdemeanor had to be consecutive. The People assert that defendant has not presented "competent evidence that he believed the 'lid' would apply to county jail as well as state prison." But the plea form signed by defendant, defense counsel and the prosecutor clearly indicated that the sentence on the misdemeanor was within the scope of the sentencing lid promise.[15]

"From a defendant's point of view, the purpose of a sentence lid is to protect the defendant from a greater sentence. Thus, a sentence lid provision in a plea agreement

---

[14] The section 1192.5 admonitions can be oral or they can be provided in a written plea form provided by the court in which defendant acknowledges his receipt and understanding of the admonitions. As we have pointed out, the 2013 form approved by the Judicial Council for optional use does not contain the admonitions set forth in section 1192.5. It is recommended that the Judicial Council consider rewording the admonishment in paragraph 6.e. of the plea form to conform to section 1192.5.

[15] The executed plea form signed by defendant, defense counsel and the prosecution sets forth *two sentencing options*: (1) a sentencing lid of 6 years 8 months or (2) three to five years' probation with conditions of probation including 365 days in county jail. Even though the sentence for the misdemeanor was listed in the sentences showing the maximum sentence to which defendant was exposed, nothing on the form suggests that the sentence for the misdemeanor was not included in either of the two options set forth in the agreement or that it would be treated separately. (See fn. 5, *ante*.)

14

necessarily implies the defendant's understanding and belief that in its absence the trial court might lawfully have imposed a greater sentence. . . . [¶] *From a prosecutor's point of view, a sentence lid necessarily implies an understanding and belief that the sentence lid is itself a sentence that the trial court may lawfully impose.* If the prosecutor understood or believed that the trial court lacked authority to impose the lid sentence, there would be no utility or benefit to specifying that particular length of time as the maximum sentence. [¶] Thus, the specification of a maximum sentence or lid in a plea agreement normally implies a mutual understanding of the defendant and the prosecutor that the specified maximum term is one that the trial court may lawfully impose and also a mutual understanding that, absent the agreement for the lid, the trial court might lawfully impose an even longer term." (*People v. Shelton* (2006) 37 Cal.4th 759, 768.)

Here, the parties' agreed that the maximum period of time to which defendant could be sentenced was six years eight months and according to the plea form, the misdemeanor sentence was included in this sentencing lid. The plea discussions make clear the parties did not account for the fact that the trial court was required to impose a consecutive sentence on the misdemeanor. The trial court imposed the six-year eight-month sentence on the felony counts and then imposed an additional 30-day sentence on the misdemeanor, which it deducted from defendant's presentence credit. Defendant's actual punishment exceeds the plea agreement lid. The trial court was not authorized to reform the plea agreement and unilaterally impose a greater punishment than the plea agreement contemplated. Rather, when presented with the information that it had to sentence the misdemeanor consecutively, the trial court's options were to impose an authorized sentence less than the lid or refuse to accept the plea and give defendant the opportunity to withdraw the plea.

This brings us to the matter of remedy. We do not agree with defendant that specific performance of the plea agreement is the correct remedy. Specific performance would require modification of the sentence to bring it below the sentencing lid. But

15

specific performance may only be ordered " 'when it will implement the reasonable expectations of the parties *without binding the trial judge to a disposition that he or she considers unsuitable* under all the circumstances.' " (*Kim, supra*, 193 Cal.App.4th at p. 1362, quoting *People v. Mancheno* (1982) 32 Cal.3d 855, 861.) Here, the trial court has already exercised its discretion not to dismiss the strike allegation, and we will not modify the sentence to bring it under the agreed upon lid under such circumstances. (*Kim*, at p. 1362 [refusing to order specific performance when the trial court exercised its discretion to impose additional terms].) The sentence the trial court ultimately imposed consisted of a low term doubled and two mandatory consecutive terms doubled, leaving no room under the lid for a mandatory consecutive misdemeanor sentence. Consequently, given the state of the pleadings, specific performance is barred because a legally authorized sentence cannot be reached under the circumstances. Accordingly, for this additional reason, specific performance is not the appropriate remedy. (*Id.* at pp. 1362-1363 [specific performance is barred when the sentence to which the parties agreed, based on the present state of the pleadings, violates the sentencing laws].)

Similar to the situation in *Kim*, the present appeal would have been obviated had the prosecutor ensured that the agreed upon sentence was authorized by law or conformed the pleadings to the agreed upon sentence so that the latter would be authorized by law, and "[t]he prosecutor compounded these omissions by affirmatively urging the court to impose greater punishment than defendant agreed to." (*Kim, supra*, 193 Cal.App.4th at p. 1365.) But the problem the prosecution created can be ameliorated. On remand, the prosecution can move to amend the information to dismiss the misdemeanor petty theft with a prior conviction which resulted in the additional 30 day sentence. (See *ibid.* [appellate court suggested that a plea withdrawal could be avoided by the prosecution amending the indictment to omit enhancement allegations triggering the additional required sentence].)

16

Thus, on remand, if the prosecution dismisses count 5, misdemeanor petty theft with a prior, and the trial court once again approves of the agreed upon sentencing lid, the defendant is not entitled to withdraw his plea. Or if the trial court concludes that in the proper exercise of its discretion it can impose a legally authorized sentence that does not exceed the sentencing lid (e.g., by dismissing the strike as to one or more counts), it may vacate the current sentence and resentence defendant to that new sentence. In that circumstance, defendant is likewise not entitled to withdraw his plea. But if the misdemeanor is not dismissed and the trial court, in the exercise of its discretion does not approve of a sentence that is no longer than the maximum sentencing lid, then the court must expressly offer defendant the opportunity to withdraw his plea. If defendant declines the opportunity to withdraw his plea, the court may impose the same sentences it previously imposed.

## DISPOSITION

The judgment is reversed and the cause is remanded to the trial court for further proceedings.

MURRAY , J.

We concur:

ROBIE , Acting P. J.

MAURO , J.

17