Filed 2/22/24  P. v. McVay CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JARROD GABRIEL NATHANIEL MCVAY,<br><br>Defendant and Appellant. | C097006<br><br>(Super. Ct. Nos. 22CR000953, 22CR000225, 17CR002839, 18CR000109, 18CR000601) |

Defendant Jarrod Gabriel Nathaniel McVay pleaded guilty to two felony offenses and admitted an out-on-bail enhancement in two Tehama County cases, case Nos. 22CR000225 and 22CR000953 (the present cases).  Defendant also pleaded guilty to a misdemeanor offense in case No. 22CR000918, but that case is not part of this appeal.

The plea form signed by defendant indicated he would receive a stipulated sentence of five years eight months local custody.  It also indicated the sentence to be imposed in the present cases would run consecutive to the sentence previously imposed in three other cases, case Nos. 17CR002839, 18CR000109, and 18CR000601 (the prior cases).  Under such circumstances, as defendant was informed at the change of plea hearing, the maximum sentence to be imposed in the present cases would be three years four months local custody.

1

After the trial court accepted defendant's plea, a determination was made that defendant did not have any time remaining to be served in the prior cases. The trial court sentenced defendant to five years eight months local custody. Defense counsel did not assert an objection to the sentence at the sentencing hearing.

Defendant obtained a certificate of probable cause, and now contends (1) we should not dismiss his appeal even though the plea form contained language generally waiving a right to appeal, (2) the trial court should have given him an opportunity to withdraw his plea before imposing a sentence that did not conform to the plea agreement, and (3) if the second contention is forfeited because defendant's trial counsel failed to object, counsel provided ineffective assistance.

We conclude (1) the appeal should not be dismissed, (2) defendant relinquished his right to withdraw the plea, and (3) he has not established ineffective assistance of counsel. We will affirm the judgment.

BACKGROUND

*The Prior Cases*

In May 2018, defendant pleaded guilty to carrying a concealed dirk or dagger, transportation, sale, or offering a controlled substance for sale, and bringing a controlled substance into the Tehama County Jail. In accordance with the plea agreement, additional charges and special allegations were dismissed. The trial court placed defendant on five years formal probation.

In September 2019, the trial court revoked defendant's grant of probation in the prior cases and sentenced him to a split sentence of four years, with three years to be served in local custody and the final year to be served on mandatory supervision.

In March 2021, the probation department filed separate petitions to revoke defendant's mandatory supervision in the prior cases. Defendant admitted violating the terms and conditions of his mandatory supervision. The following month, defendant's mandatory supervision was terminated in the prior cases.

2

*The Present Cases*

In January 2022, the People charged defendant with carrying a concealed dirk or dagger, a felony, and driving with a suspended license, a misdemeanor. Three months later, the People charged him with possession of metal knuckles, a felony, and driving with a suspended license, a misdemeanor. It was further alleged that defendant possessed the metal knuckles while he was released from custody on bail or on his own recognizance.

Defendant pleaded guilty to both felony offenses and admitted the out-on-bail enhancement in exchange for dismissal of the remaining counts, dismissal of various other cases pending against him at the time, and a stipulated sentence. The plea form signed by defendant indicated he would receive a stipulated sentence of five years eight months local custody, calculated as follows: the upper term of three years for possessing the metal knuckles, plus two years for the out-on-bail enhancement, plus eight months (one third the middle term) for carrying the concealed dirk or dagger. The plea form further indicated that the sentence imposed in the present cases would run consecutive to the sentence imposed in the prior cases.

The parties' understanding of the plea agreement's consecutive sentencing term was discussed during the change of plea hearing. Defendant's trial counsel stated: "Your Honor, [defendant] was originally given 4 years in [the prior cases]. His mandatory supervision should have expired in July of 2021; however, with the violation being filed in March of 2021, I believe with tolling, he would still be on mandatory supervision if he were reinstated today." The trial court asked whether the sentence to be imposed in the present cases would be "1/3 the midterm consecutive to that, other than the [out-on-bail enhancement] which is plus 2." Defense counsel answered: "Correct." The trial court then asked if the agreed upon sentence of five years eight months listed on the plea form would run "at 1/3 the midterm consecutive," adding, "I don't know that all that adds up to [five years eight months]." Defense counsel answered: "That's correct, Your Honor.

3

And I wrote it as a standalone instead of as a consecutive item." The trial court and defense counsel agreed the sentence to be imposed, if run consecutively to the sentence imposed in the prior cases, would be three years four months.

The trial court then advised defendant: "You've got a max on the new felony [offenses] of 3 years 8 months.[1] That would be in addition to whatever time you have left on the three mandatory supervision cases. . . . So do you understand what [defense counsel] said that is your agreement in the entirety?" Defendant answered: "Yes, sir, absolutely." After advising defendant of the rights he was giving up by pleading guilty, the trial court again advised him of the sentence to be imposed: "If you are sentenced to state prison on the new felonies, it could be 3 years 4 months -- is that what we said?" Defense counsel confirmed that was the agreement. The trial court repeated: "3 years 4 months in addition to whatever time you have left on mandatory supervision."

After additional required advisements and obtaining appropriate waivers, the trial court accepted defendant's guilty pleas and admission to the enhancement allegation. The trial court also dismissed the remaining counts in the present cases, as well as certain other cases pending against defendant.

After the trial court accepted the plea, a determination was made that defendant did not have any time remaining to be served in the prior cases. At the sentencing hearing held the following month, the trial court sentenced defendant to five years eight months local custody. Defense counsel did not object to the sentence.

Additional background is set forth in the discussion as relevant to the contentions on appeal.

---

[1] The trial court appears to have misspoken. It later specified the correct calculation of three years four months.

4

DISCUSSION

I

Defendant contends we should not dismiss his appeal even though the plea form contained language generally waiving a right to appeal.

"The negotiated plea agreement, which results in the waiver of important constitutional rights, 'is an accepted and integral part of our criminal justice system.' [Citations.] Such agreements benefit the system by promoting speed, economy and finality of judgments. [Citation.] [¶] . . . Just as a defendant may affirmatively waive constitutional rights to a jury trial, to confront and cross-examine witnesses, to the privilege against self-incrimination, and to counsel as a consequence of a negotiated plea agreement, so also may a defendant waive the right to appeal as part of the agreement." (*People v. Panizzon* (1996) 13 Cal.4th 68, 79-80 (*Panizzon*).)

"As a general proposition, a broad or general waiver, such as 'I waive my appeal rights,' will include error occurring prior to the waiver, but not subsequent error because the defendant could not make 'a knowing and intelligent waiver of the right to appeal any unforeseen or unknown future error. . . .' [Citation.] If, however, the defendant agrees to a bargain which includes a specific or indicated sentence, and if that is the sentence actually imposed, the defendant's waiver will foreclose appellate review of the sentence; any challenge to the sentence will be deemed a challenge to an integral component of the bargain. [Citations.] The waiver will not cover claims that the trial court imposed a sentence in excess of . . . the terms of the bargain . . . ." (*In re Uriah R.* (1999) 70 Cal.App.4th 1152, 1157-1158; see *Panizzon, supra*, 13 Cal.4th at pp. 84-86; *People v. Vargas* (1993) 13 Cal.App.4th 1653, 1662-1663.)

Here, defendant's plea agreement contained a general waiver of the right to appeal. Although the trial court orally advised defendant about the waiver at the change of plea hearing and defendant said he understood, defendant's appellate challenge to his sentence falls outside the scope of the waiver because he asserts the sentence imposed

5

was in excess of the terms of the plea agreement. The assertion is cognizable notwithstanding the waiver of appellate rights.

II

Defendant next argues the trial court violated Penal Code section 1192.5[2] by sentencing him to a term greater than he agreed, without providing him with an opportunity to withdraw his plea.

A defendant who enters into a negotiated plea agreement has a "constitutional right to the benefit of his bargain" and " 'there can be no waiver of a constitutional right absent "an intentional relinquishment or abandonment of a known right or privilege." ' " (*People v. Walker* (1991) 54 Cal.3d 1013, 1025, overruled on other grounds in *People v. Villalobos* (2012) 54 Cal.4th 177, 183.) The mere failure to object to a greater punishment at sentencing does not waive the constitutional right to the benefit of the bargain. (*In re Jermaine B.* (1999) 69 Cal.App.4th 634, 640; see also *People v. Silva* (2016) 247 Cal.App.4th 578, 589 (*Silva*).) However, section 1192.5 requires the trial court to inform a defendant prior to accepting the plea that its approval is not binding and may be withdrawn, and "in that case, the defendant shall be permitted to withdraw the plea if the defendant desires to do so." (§ 1192.5, subd. (c).) "If a defendant, who has been admonished concerning the right to withdraw the plea, does not object to punishment in excess of the bargain, the defendant relinquishes the right to withdraw the plea." (*Jermaine B.*, at p. 640; see *Silva*, at p. 589.)

Here, the plea form signed by defendant contained the required advisement. Defendant initialed the box next to the following statement: "I understand that if the court approves this plea agreement the approval of the court is not binding, and that the court may withdraw its approval of the plea agreement upon further consideration of the

---

[2] Undesignated statutory references are to the Penal Code.

matter. I understand that if the court withdraws its approval of this plea agreement I will be allowed to withdraw my plea." Defendant also signed a statement at the end of the plea form indicating that he discussed each initialed item with his attorney, and that he understood and agreed with each item he initialed. Although the trial court did not orally advise defendant of this right at the plea hearing, this court explained in *Silva* that "section 1192.5 admonitions can be oral or they can be provided in a written plea form provided by the court in which defendant acknowledges his receipt and understanding of the admonitions." (*Silva, supra*, 247 Cal.App.4th at p. 590, fn. 14.)

Because defendant was provided with the required advisement in the plea form and acknowledged his understanding of the advisement, his failure to object to the term of imprisonment imposed at the sentencing hearing relinquished his right to withdraw the plea.

## III

Defendant nevertheless asserts that his trial counsel provided constitutionally deficient assistance by failing to object to the sentence imposed by the trial court.

To prevail on a claim of ineffective assistance of counsel, defendant "must establish not only deficient performance, i.e., representation below an objective standard of reasonableness, but also resultant prejudice. [Citation.] Tactical errors are generally not deemed reversible, and counsel's decisionmaking must be evaluated in the context of available facts. [Citation.] To the extent the record on appeal fails to disclose why counsel acted or failed to act in the manner challenged, we will affirm the judgment 'unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation. . . .' [Citation.]" (*People v. Bolin* (1998) 18 Cal.4th 297, 333.)

Here, the record on appeal does not disclose why defendant's trial counsel failed to object to the sentence or move to withdraw defendant's plea. The People posit that there was no reason to do so because the parties and the trial court "proceeded in line

7

with the terms of [the] plea," specifically, "that [defendant's] maximum sentence on his new cases was five years eight months if he did not have any additional time to serve in his old cases." That might have been what the parties intended when entering into the agreement, and if so, counsel would not have been deficient in declining to object. But even if the parties intended a consecutive sentence of three years four months, we can identify a tactical reason for not moving to withdraw the plea. In exchange for the plea, regardless of whether the stipulated sentence was five years eight months or three years four months, defendant received dismissal of other counts in the present cases, dismissal of other pending cases, and an agreement to sentence defendant to local time rather than state prison. Defense counsel was not asked why he did not move to withdraw defendant's plea, but it is entirely possible that defendant did not ask him to do so because he did not want to undo the other favorable terms of the agreement and risk greater punishment.

On this record, we conclude defendant has not demonstrated defense counsel's performance fell below an objective standard of reasonableness.

DISPOSITION

The judgment is affirmed.


/S/<br>
MAURO, J.

We concur:


/S/<br>
EARL, P. J.


/S/<br>
BOULWARE EURIE, J.

8