Filed 3/16/26  P. v. Majstoric CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>BRANKO ALEXANDER MAJSTORIC,<br><br>    Defendant and Appellant. | 2d Crim. Nos. B338746,<br>B341959<br>(Super. Ct. No. 23F-02935)<br>(San Luis Obispo County) |

Branko Alexander Majstoric appeals from the judgment following his no contest plea to conspiracy to bring a controlled substance into a state prison.  (Pen. Code,[1] §§ 182, subd. (a)(1), 4573, subd. (a).)  He contends the trial court sentenced him contrary to the terms of a negotiated disposition.  The parties agree the judgment must be reversed and the case remanded to provide Majstoric the opportunity to withdraw his plea.  We agree and reverse.

---

[1] Undesignated statutory references are to the Penal Code.

FACTUAL AND PROCEDURAL HISTORY

Majstoric was charged in a felony complaint with selling, furnishing, administering, or giving away a controlled substance to a person in custody, or offering to do so (§ 4573.9; count 1), and conspiracy to bring or send a controlled substance into a custodial facility (§§ 182, subd. (a)(1), 4573; count 2). In April 2023, Majstoric pleaded no contest to count 2 and admitted an overt act in furtherance of the conspiracy.

Prior to entering the plea, the prosecutor and the trial court stated Majstoric would receive a "split" sentence of two years in "county jail prison" followed by one year of mandatory supervision (§ 1170, subd. (h)(2) & (5)(B)). Majstoric was not advised of his right to withdraw his plea if the court imposed a more severe sentence. (See § 1192.5, subd. (c).) It does not appear that a written plea form was used. The remaining count and allegations were dismissed, "conditioned on the continuing validity of the plea and admission."

The probation sentencing report was delayed because Majstoric was in custody in Sacramento County. When the report was finally issued one year after the plea, the probation officer recommended a state prison sentence of three years in the present case because Majstoric was serving a prison sentence in the Sacramento case of two years, eight months.

At the sentencing hearing in June 2024, Majstoric's counsel noted the probation recommendation "does seem to deviate from the split," but said he exchanged emails with the probation officer and "came to the same conclusion." He said he had "gone over that with [his] client and [they were] ready to proceed." The court sentenced Majstoric to three years in state prison, to be served consecutively with the Sacramento sentence. One week later, Majstoric filed a notice of appeal, contending the three-year

state prison sentence violated the plea agreement and requesting to withdraw his plea.

While his appeal was pending, in October 2024 the court resentenced Majstoric to four years in state prison for the conspiracy (§§ 182, subd. (a)(1), 4573, subd. (a)), with a consecutive sentence of eight months (one-third the middle term) for the Sacramento conviction for evading a police officer (Veh. Code, § 2800.2, subd. (a)) and a concurrent sentence of two years for the Sacramento conviction of being a felon in possession of a firearm (§ 29800, subd. (a)(1)).  The court calculated the total prison sentence for both cases as four years, eight months.  Majstoric filed a second notice of appeal in November 2024, contending the new sentence violated the April 2023 plea agreement, and again requesting to withdraw his plea.  We consolidated the two appeals.

The case was calendared in January 2025 for a motion to withdraw plea.  The court did not hear the motion, but stated the original agreed-upon disposition "resulted in an unlawful sentence" and the parties had now agreed to a sentence the parties were "certain" would "give[] the defendant the benefit of his initial bargain."  Majstoric and the prosecution stipulated to a new sentence of the low term of two years for the conspiracy, a consecutive sentence of eight months for the Sacramento conviction for evading, and a concurrent sentence of two years for the Sacramento firearm conviction, for a total prison term of two years eight months.

## DISCUSSION

### *Withdrawal of plea*

"[A] plea of guilty or nolo contendere . . . may specify the punishment."  (§ 1192.5, subd. (a).)  Where, as here, "the plea is accepted by the prosecuting attorney in open court and is

3

approved by the court, the defendant, except as otherwise provided in this section, cannot be sentenced on the plea to a punishment more severe than that specified in the plea and the court may not proceed as to the plea other than as specified in the plea." (*Id.*, subd. (b).) "If the court approves of the plea, it shall inform the defendant prior to the making of the plea that (1) its approval is not binding, (2) it may, at the time set for the hearing on the application for probation or pronouncement of judgment, withdraw its approval in the light of further consideration of the matter, and (3) in that case, the defendant shall be permitted to withdraw the plea if the defendant desires to do so." (*Id.*, subd. (c).)

The advisement required by section 1192.5, subdivision (c) was not given here. "[W]hen the trial court fails to give a section 1192.5 admonition, the defendant's failure to object at sentencing does not waive his claim on appeal." (*People v. Silva* (2016) 247 Cal.App.4th 578, 589; *People v. Walker* (1991) 54 Cal.3d 1013, 1024–1025, overruled on other grounds by *People v. Villalobos* (2012) 54 Cal.4th 177, 183.)

The three-year prison sentence originally imposed is more severe than the agreed-upon sentence of two years in county jail with one year of mandatory supervision. (*People v. Segura* (2008) 44 Cal.4th 921, 935 [length of jail term is significant]; *People v. Silva, supra*, 247 Cal.App.4th at pp. 591–592 [30-day jail sentence consecutive to agreed-upon sentence allowed defendant to withdraw plea].) "[T]here is a qualitative difference between an inmate in actual prison custody and a felon released in the community under mandatory supervision." (*Wofford v. Superior Court* (2014) 230 Cal.App.4th 1023, 1037.) Because the trial court did not give the section 1192.5 admonition, counsel's statement that he and Majstoric were "ready to proceed" does not

4

establish the requirement that Majstoric personally knew he had the right to withdraw his plea. (*Silva*, at pp. 589–590.) Thus, Majstoric is entitled to withdraw his plea because the court imposed a sentence in excess of that specified in the plea. (§ 1192.5, subd. (c).)

*Jurisdiction to modify judgment*

The trial court purported to resentence Majstoric in October 2024 while his appeal was pending. And in January 2025 it issued an amended judgment that approximated the original plea bargain. But these orders are void because the pendency of the appeals divested the trial court of jurisdiction.

" 'The filing of a valid notice of appeal vests jurisdiction of the cause in the appellate court until determination of the appeal and issuance of the remittitur.' " (*People v. Alanis* (2008) 158 Cal.App.4th 1467, 1472 (*Alanis*).) "Because an appeal divests the trial court of subject matter jurisdiction, the court lacks jurisdiction to vacate the judgment or make any order affecting it. [Citations.] Thus, action by the trial court while an appeal is pending is null and void." (*Id.* at pp. 1473–1473.) The purported changes to the sentence in October 2024 and January 2025 were made while appeals in this matter were pending and are thus void.

"One exception is that, notwithstanding the pendency of an appeal, '[t]he trial court is allowed to vacate a void—but not voidable—judgment.' " (*Alanis, supra*, 158 Cal.App.4th at p. 1473.) This exception allows a trial court to vacate a judgment on appeal that is "void on its face." (*Id.* at p. 1474.) "[A] sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case," e.g., "where the court violates mandatory provisions governing the length of confinement." (*People v. Scott* (1994) 9 Cal.4th 331, 354, fn.

5

omitted.)

The original judgment here was voidable, not void.  A sentence of three years is statutorily authorized for conspiracy to violate section 4573.  The trial court had the jurisdiction to impose a sentence in excess of that specified in the plea bargain, with the consequence that "the defendant shall be permitted to withdraw the plea if the defendant desires to do so."  (§ 1192.5, subd. (c).)  Accordingly, the trial court did not have jurisdiction to change the sentence during the pendency of the appeals.

But while an appeal is pending, a trial court has "inherent power ' "to correct clerical errors in its records" ' " including " 'correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts.' " (*Alanis*, *supra*, 158 Cal.App.4th at pp. 1473–1474.)  " 'The distinction between clerical error and judicial error is "whether the error was made in rendering the judgment, or in recording the judgment rendered." ' " (*Id*. at p. 1474.)  Here the court had the power to correct the erroneous section designation in the original abstract.[2]  But it did not have the power to change the sentence while the appeals were pending.

"Under such circumstances, the proper procedure is to reverse the void judgment rather than dismiss the appeal." (*Alanis*, *supra*, 158 Cal.App.4th at p. 1477, fn. omitted.) Although the trial court eventually pronounced a sentence that approximated the plea bargain, that sentence was void.  We decline to affirm either of those sentences because it "would require us to . . . uphold the trial court's actions despite its lack of

---

[2] The original abstract erroneously listed count 2 as conspiracy to violate section 4573.9 rather than to violate section 4573.

6

jurisdiction to take them." (*Id.* at p. 1478.)

Majstoric had the right to withdraw his plea when the initial sentence in excess of the agreed-upon disposition was imposed. He retains the right to that relief on appeal.

DISPOSITION

The judgment is reversed. The matter is remanded to provide Majstoric the opportunity to withdraw his no contest plea. If he does not choose to withdraw the plea, or if he is later convicted, the clerk shall prepare an amended abstract of judgment and forward a copy to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED.


BALTODANO, Acting P. J.


We concur:


CODY, J.


DEROIAN, J.*

---

\* Judge of the Santa Barbara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Timothy S. Covello, Judge

Superior Court County of San Luis Obispo

_____

Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Stephanie C. Brenan and Stefanie Yee, Deputy Attorneys General, for Plaintiff and Respondent.