Filed 9/29/25  P. v. Keeler CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C101868 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 18F6285, 18F6285) |
| v. | |
| JULIUS ANTHONY KEELER, | |
| Defendant and Appellant. | |

Defendant Julius Anthony Keeler appeals his multiple convictions, including for burglary and attempted carjacking.  He and the People ask us to remand the matter for the trial court to reconsider his request for mental health diversion given recent amendments to Penal Code[1] section 1001.36.  Defendant further argues that the trial court erred in denying his motion to withdraw his guilty plea.  We conditionally reverse the judgment and remand the matter for further consideration under section 1001.36.

## FACTUAL AND PROCEDURAL BACKGROUND

In case No. 18F6260 (case No. 6260), defendant was charged in 2018 with one count of first degree residential burglary (§ 459; count 1), two counts of being a felon in possession of a firearm (§ 29800, subd. (a)(1); counts 2, 3), one count of unlawful driving or

---

[1]  Undesignated statutory references are to the Penal Code.

1

taking of a vehicle (Veh. Code, § 10851, subd. (a); count 4), and one count of receiving a stolen vehicle (§ 496d, subd. (a); count 5). It was further alleged defendant had a prior strike (§ 1170.12), a prior serious felony (§ 667, subd. (a)(1)), and three prior prison terms (former § 667.5, subd. (b)).

In case No. 18F6285 (case No. 6285), defendant was charged in 2018 with attempted carjacking. (§§ 215, subd. (a), 664.) It was further alleged defendant had a prior strike (§ 1170.12) and a prior prison term (former § 667.5, subd. (b)). A firearm use enhancement was also alleged. (§ 12022.53, subd. (b).)

In October 2020, defendant applied for pretrial diversion pursuant to former section 1001.36. In February 2021, the trial court found defendant had a mental illness but denied his petition because it was not the "main contributor" to his crimes. Instead, defendant's substance abuse was the "primary factor" that caused his mental state that led to him committing crimes. The trial court also reasoned that defendant had been armed and under the influence during the attempted carjacking, making his crimes "very dangerous and violent."

In February 2022, defendant pled guilty in case No. 6260 to first degree residential burglary, being a felon in possession of a firearm, and receiving a stolen vehicle. As to each offense, he admitted the prior strike and prior serious felony allegations. In case No. 6285, defendant pled guilty to attempted carjacking. He also admitted the prior strike allegation and the firearm use enhancement. Defendant stipulated to an aggregate prison sentence of 16 years eight months, and the remaining allegations would be dismissed. The trial court released defendant prior to sentencing pursuant to a *Cruz* waiver, with the understanding that, should he fail to appear for sentencing, he would be sentenced to 19 years in prison. (*People v. Cruz* (1988) 44 Cal.3d 1247.) Defendant did not appear for sentencing.

Defendant was later committed to prison in several unrelated cases out of Riverside and San Diego Counties.

In February 2024, defendant moved to withdraw his guilty plea and admissions in the cases at issue in this appeal. Defendant argued he lacked the mental capacity to enter a voluntary, knowing, and intelligent plea due to mental health issues and recent changes to his medication. During a June 2024 hearing, the trial court denied defendant's motion, reasoning that defendant understood what he was doing when he entered his plea.

In July 2024, the trial court sentenced defendant to prison for an aggregate term of 18 years on all the Shasta, Riverside, and San Diego Counties cases.

Defendant timely appealed the Shasta County cases and obtained a certificate of probable cause in both cases.

## DISCUSSION

## I

Defendant asks us to conditionally reverse and remand the matter for reconsideration of his October 2020 application for mental health diversion. Citing *People v. Frahs* (2020) 9 Cal.5th 618, defendant argues he is entitled to retroactive application of the most recent amendments to section 1001.36. (*Frahs*, at pp. 630-631.) The People agree that conditional reversal and remand is necessary, and so do we.

In October 2020, when defendant first brought his motion for mental health diversion, section 1001.36 listed six criteria that a defendant had to meet to be eligible for diversion. Three of the criteria required that the court be "satisfied" that (1) the defendant suffers from a recognized mental disorder, (2) the disorder was a "significant factor in the commission of the charged offense," and (3) "the defendant will not pose an unreasonable risk of danger to public safety, as defined in section 1170.18, if treated in the community." (Former § 1001.36, subd. (b)(1)(A), (B), (F), as amended by Stats. 2019, ch. 497, § 203, eff. Jan. 1, 2020.) The remaining criteria required that (1) a mental health expert provide an opinion that the defendant's mental health symptoms would respond to treatment, (2) the defendant give his or her consent to diversion and waive his or her right to a speedy trial,

3

and (3) the defendant agree to comply with treatment as a condition of diversion. (*Id*., subd. (b)(1)(C)-(E).)

After defendant's guilty pleas, section 1001.36 was amended multiple times. As relevant here, Senate Bill No. 1223 (2021-2022 Reg. Sess.) amended section 1001.36 effective January 1, 2023, which was two years after the trial court denied defendant's motion in February 2021. (Stats. 2022, ch. 735, § 1.) Among other changes, the 2023 amendments recharacterized the first two requirements -- that the defendant be diagnosed with a recognized mental illness and the mental illness be a significant factor in the commission of the charged offense -- as eligibility criteria. (§ 1001.36, subd. (b)(1), (2).) Under the amended statute, "a defendant's eligibility no longer turned on findings to the court's 'satisfaction.' " (*Sarmiento v. Superior Court* (2024) 98 Cal.App.5th 882, 891.) Instead, when a defendant has been diagnosed with a recognized mental disorder, he or she is now "generally eligible" for diversion. (*People v. Brown* (2024) 101 Cal.App.5th 113, 120 (*Brown*).) Such a diagnosis creates a presumption that the defendant's diagnosed mental disorder was a significant factor in the commission of the charged crime. (*Ibid.*) Overcoming that presumption requires clear and convincing evidence that the mental disorder was not a motivating, causal, or contributing factor to the defendant's involvement in the alleged offense. (§ 1001.36, subd. (b)(1), (2); *Brown*, at p. 120.)

If the defendant meets the two enumerated eligibility requirements, "the court must consider whether the defendant is suitable for pretrial diversion." (§ 1001.36, subd. (c).) A defendant is suitable for pretrial diversion if four criteria are met, which include (1) the opinion of a qualified mental health expert that the defendant's symptoms would respond to mental health treatment (§ 1001.36, subd. (c)(1)) and (2) the defendant will not pose an unreasonable risk of danger to public safety "if treated in the community" (§ 1001.36, subd. (c)(4)). Section 1001.36, subdivision (c)(4) was also amended to include consideration of the defendant's treatment plan, along with the defendant's violence and criminal history, current offense, and other factors the court deems appropriate.

4

A court retains discretion to deny diversion where a defendant makes a prima facie showing that he or she meets all the express statutory requirements. (*Sarmiento v. Superior Court*, *supra*, 98 Cal.App.5th at p. 892.) But, it must do so in line with the " ' "principles and purpose of the governing law," ' " which includes a strong legislative preference for such treatment of mental health disorders. (*Id.* at pp. 892-893.)

Defendant argues, and the People concede, that the amendments to section 1001.36 apply retroactively to defendant's case. We accept that concession. (See *Brown*, *supra*, 101 Cal.App.5th at p. 125 [the 2023 amendments to § 1001.36 apply retroactively to all nonfinal judgments].) And, even though defendant failed to renew his application for diversion prior to sentencing, we also decline to find the issue forfeited. (*Brown*, at pp. 127-128 [a defendant who originally asked for diversion prior to trial but failed to renew the application under the amended statute does not forfeit the issue on appeal].)

As the People acknowledge, it is unclear whether the trial court would reach the same conclusions about eligibility or suitability under the new law. (*Brown*, *supra*, 101 Cal.App.5th at p. 128.) The court acknowledged defendant suffered from mental illness but found it was not the "main contributor" to his crimes. This analysis differs from the current version of section 1001.36's presumption that a diagnosed mental disorder is a significant factor in the commission of the charged crimes. (*Brown*, at p. 120.) In addition, although the court found defendant's crimes were "very dangerous and violent," it did not consider whether defendant would pose an unreasonable risk of danger to public safety "if treated in the community." (§ 1001.36, subd. (c)(4).) Under the circumstances, we will conditionally reverse and remand the matter for the trial court to reconsider defendant's eligibility for diversion under the current version of section 1001.36. (*Brown*, at p. 129.)

## II

Defendant further argues the trial court erred in denying his motion to withdraw his guilty plea. According to defendant, the trial court "misadvise[d]" him during the plea hearing that the attempted carjacking would not constitute a violent felony. As a result,

when he entered his guilty pleas, he believed that none of the crimes were violent felonies. When he later learned he had, in fact, pled guilty to a violent felony, he asked his attorney to file a motion to withdraw his plea. We find defendant's contentions meritless.

1. Additional Procedural Background

In his plea agreement form, defendant initialed the box indicating he understood that, by pleading guilty to a violent felony, he would accrue only up to 15 percent of conduct/worktime credit. He also initialed the box indicating he had an opportunity to discuss the consequences of his plea. In addition, he signed the statement that he had read the form, discussed each item with his attorney, and the effects of any enhancements or special allegations had been explained to him. His attorney also signed the form saying that she had reviewed the form with defendant, answered all his questions, and explained the consequences of his plea and the effect of any enhancements or special allegations.

During the February 2022 plea hearing, defendant confirmed for the trial court that his attorney had reviewed the plea form with him and answered all his questions. The trial court explained that defendant would be pleading to a first degree residential burglary and attempted carjacking, both of which were strikes. The court also explained that the firearm use allegation (§ 12022.53) was a violent felony. Defendant confirmed he understood he would be pleading to two new strikes. The trial court then informed defendant that he would be sentenced to prison for 16 years eight months, and he would "be serving that term at 85 percent because of the fact that the firearm use allegation is going to qualify as a violent felony." Defendant again confirmed he understood.

Prior to taking defendant's plea on the attempted carjacking count in case No. 6285, the court explained that the charging document described the crime as a violent felony. "I am striking that language because as an attempt, it is a . . . serious offense but not a violent offense." Defendant then pled to that offense and admitted the firearm use allegation.

During the June 2024 hearing regarding defendant's motion to withdraw his plea, defendant testified that, before his guilty pleas, he thought he would be eligible under

Proposition 57[2] to serve only the "base term" of the "controlling case," namely the residential burglary.  Defendant also thought "the enhancements would fall off once [he] hit prison."  But, he claimed, he learned after his plea that he would have to serve 85 percent of his sentence because he pled to a violent offense.  According to defendant, had he known he would have to serve 85 percent of his sentence, he would not have entered his guilty plea.

Defendant's trial attorney testified that she was aware of defendant's mental health history and that he was on medication at the time of the plea, but she was able to discuss the plea agreement with him "at length," and she did not observe any concerning symptoms. Although she did not specifically recall the details of their conversation about Proposition 57, she was aware at the time of defendant's plea that "any violent charge" such as the firearm use enhancement would make him ineligible for early parole consideration under Proposition 57, "so if that came up, I would have communicated that to him."  In addition, she would never proceed with a plea deal if she realized that one of her clients did not understand or took issue with the agreement.

The trial court denied defendant's motion, reasoning the record indicated defendant was competent to enter his plea and understood the consequences of his plea.

2.  Legal Background

Inmates incarcerated in state prison can earn conduct/worktime credits.  (§ 2930 et seq.)  Typically, inmates may earn up to one day of worktime credit for each actual day of incarceration.  (§ 2933, subd. (b); *In re Canady, supra*, 57 Cal.App.5th at p. 1026.) However, those convicted of violent felonies as defined in section 667.5, subdivision (c) "shall accrue no more than 15 percent of worktime credit."  (§ 2933.1, subd. (a).)  Under

---

[2]  Proposition 57, also known as the Public Safety and Rehabilitation Act of 2016, increases conduct credit earnings and establishes a process for early parole consideration for eligible defendants convicted of nonviolent crimes.  (*In re Canady* (2020) 57 Cal.App.5th 1022, 1027, 1033-1034.)

section 667.5, attempted carjacking is not a violent felony, but "[a]ny violation of Section 12022.53" is. (§ 667.5, subd. (c)(22).)

A trial court may permit a defendant to withdraw a guilty plea for "good cause shown" at any time before judgment. (§ 1018.) " 'Mistake, ignorance or any other factor overcoming the exercise of free judgment is good cause for withdrawal of a guilty plea' under section 1018 [citation], and section 1018 states that its provisions 'shall be liberally construed . . . to promote justice.' " (*People v. Patterson* (2017) 2 Cal.5th 885, 894.) "A defendant seeking to withdraw a guilty plea on grounds of mistake or ignorance must present clear and convincing evidence in support of the claim." (*Ibid*.) Where a trial court has misadvised a defendant about the consequences of his plea, the defendant is entitled to relief only if he or she establishes that he or she was "prejudiced by the misadvisement, i.e., that the defendant would not have entered the plea of guilty had the trial court given a proper advisement." (*In re Moser* (1993) 6 Cal.4th 342, 352.)

We review for abuse of discretion a trial court's decision to not allow a defendant to withdraw a guilty plea under section 1018. (*People v. Patterson*, *supra*, 2 Cal.5th at p. 894.) " 'Where, as here, a discretionary power is statutorily vested in the trial court, its exercise of that discretion "must not be disturbed on appeal except on a showing that the court exercised its discretion in an arbitrary, capricious or patently absurd manner that resulted in a manifest miscarriage of justice." ' " (*People v. Williams* (2013) 58 Cal.4th 197, 270-271.) In conducting this analysis, "a reviewing court must adopt the trial court's factual findings if substantial evidence supports them." (*People v. Fairbank* (1997) 16 Cal.4th 1223, 1254.)

3. Analysis

We find no merit in defendant's contentions that the trial court misadvised him or that he misunderstood the consequences of his plea with respect to his accrual of conduct or worktime credit while in prison. Defendant indicated he understood in the plea form that, if he was convicted of a violent felony, he would accrue only up to 15 percent of conduct or worktime credit. He also indicated he had discussed with his attorney the effects of any

8

enhancements or special allegations. Defendant's trial attorney testified that she was aware that any violent felony charge (such as the firearm use allegation) would result in defendant serving 85 percent of his sentence, and she would have communicated that with him had the question arisen. During the plea hearing, the trial court explained that the firearm use allegation was a violent felony. The court further explained that defendant would be serving his prison sentence at 85 percent because the firearm use allegation was a violent felony, and defendant confirmed he understood. The trial court's comments about the nature of the attempted carjacking count merely (and correctly) informed defendant that the count was not, by itself, a violent felony. Considering the entire record, we find that the trial court did not misadvise defendant. Defendant has not established that he misunderstood the consequences of his plea, nor that the trial court abused its discretion in denying his motion to withdraw his plea.

### DISPOSITION

The judgment is conditionally reversed, and the matter is remanded to the trial court with directions to reconsider whether defendant is eligible for mental health diversion under the current section 1001.36. If the trial court determines defendant qualifies for diversion, it must grant diversion. If the court determines defendant is ineligible for diversion, then the court shall reinstate the judgment of conviction.

/s/
MESIWALA, J.

We concur:

/s/
HULL, Acting P. J.

/s/
DUARTE, J.

9